IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DEMETRIUS DONYA PATTERSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.: 2:08-cv-49-MHT-SRW** |
| | ) |
| **KEVIN PARKER, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS' SPECIAL REPORT

COME NOW the Defendants[1] in the above-styled cause, and submit their Special Report to the Court.

## INTRODUCTION

On January 18, 2008, the Plaintiff filed his Complaint with this Court, naming "Sgt. Chuck, Mike Mug, Ashley Coward, and Officers Parker, Kevin, and Larry" as Defendants. This Court has ordered Defendants file a Special Report.

## PLAINTIFF'S ALLEGATIONS

The Plaintiff's Complaint alleges that from December 1, 2007 through January 16, 2008, his requests for an inhaler to treat his asthma have been denied and that his requests to be seen by a physician have been denied. The Plaintiff does not allege any actions on the part of any specific person in his Complaint. (Doc. 1.) For the reasons discussed below, the Complaint does not state a claim.

---

[1] Plaintiff names in his Complaint "Sgt. Chuck, Mike Mug, Ashley Coward, and Officers Parker, Kevin, and Larry." These Defendants have not been properly named in this action, and an employee at the Coosa County Jail mistakenly signed for the services of process, despite the Plaintiff's failure to properly name any Defendant. (Docs. 5-10.)

## DEFENDANTS' RESPONSE TO PLAINTIFF'S ALLEGATIONS

The Defendants deny the allegations made against them by Plaintiff as being untrue and completely without basis in law or fact. The Defendants deny that they acted, or caused anyone to act, in such a manner as to deprive Plaintiff of any right to which he was entitled. The Defendants raise the defenses of Eleventh Amendment immunity, absolute immunity, qualified immunity, the Prison Litigation Reform Act ("PLRA"), and additional defenses presented below. The Defendants reserve the right to add additional defenses if any further pleading is required or allowed by the Court.

## I.    FACTS

The Plaintiff was incarcerated in the Coosa County Jail on September 20, 2007, on probation violation. (Exhibit A, Booking Sheet of Demetrius Donya Patterson.)

### A.    Plaintiff's medical treatment

It is the policy of the Coosa County Sheriff's Department that the Jail personnel provide timely medical treatment to inmates. Forms on which medical requests may be related to the Jail staff are readily available in the Jail. Inmates are furnished these forms at any time they request one. An exception exists for requests of an emergency nature, which may be made orally. Members of the Jail staff are charged with responding to such requests. Copies of all medical request forms are placed in an inmate's jail file and medical file. In an emergency situation, the Jail personnel have the authority to seek emergency medical care immediately. (Exhibit B, Affidavit of Mike Mull[2], "Mull Aff.," ¶ 5.)

It is a violation of the policies of the Coosa County Jail to deny necessary medical attention, care or medication to an inmate. (Mull Aff. ¶ 6.) Defendants do not have medical

---

[2] Mike Mull has served as the Jail Administrator for the Coosa County Jail since March of 2007. He has a total of fifteen years of law enforcement experience.

education, training or experience, but rely upon the professional judgment of medical professionals who have been retained to provide care to the inmates. (Mull Aff. ¶ 7.)

Plaintiff has been in and out of the Coosa County Jail numerous times. When Plaintiff is booked into the jail, his mother normally brings his inhaler to the jail right after he is incarcerated. (Mull Aff. ¶ 8.)

During his most recent incarceration Plaintiff received more than adequate medical care. He was examined by Dr. Randall Weaver at the Coosa Valley Family Medical Center in Rockford, Alabama on October 30, 2007, January 17, 2008 and February 14, 2008. (Exhibit C, Plaintiff's Medical Records.) Plaintiff's prescription for Albuterol was refilled on October 30, 2007 and January 17, 2008. (Ex. C, Plaintiff's Medical Records.) Plaintiff's medical records from the jail document that he received his medications and that his requests to see a physician were honored. (Ex. C, Plaintiff's Medical Records.) On November 26, 2007, Plaintiff requested to keep his inhaler with him in his cell and this request was honored by jail staff. (Ex. C, Plaintiff's Medical Records.)

Mike Mull has never witnessed Plaintiff in any distress due to difficulty breathing. During Plaintiff's most recent incarceration, Plaintiff's cell was located on the top floor. Thus, he had to go up and down a flight of stars to go to and from his cell. Plaintiff never complained of any breathing problems due to this physical activity. During Plaintiff's most recent incarceration, he was involved in a physical altercation with another inmate. Although Plaintiff physically exerted himself during this altercation by fighting and yelling, Plaintiff never complained of any breathing problems due to this physical activity. (Mull Aff. ¶ 9.)

During Plaintiff's most recent incarceration he was told by his treating physician that his medical condition could be treated by using either an inhaler or a breathing treatment and that it was not medically necessary to use both. (Mull Aff. ¶ 11.)

Two local physicians have agreed to treat inmates at the Coosa County Jail. Once an inmate requests an appointment with a physician for a non-emergency condition, the inmate is placed on the appointment list. Usually each doctor will see 1-2 inmates a week. Thus, an inmate may be on the appointment list for several weeks before they are seen by a physician. (Mull Aff. ¶ 12.)

Plaintiff has never complained to Administrator Mull about the medical treatment he received while incarcerated at the Coosa County Jail. (Mull Aff. ¶ 10.) Defendants followed the policies of the Coosa County Jail in all interactions with the Plaintiff. (Mull Aff. ¶ 18.)

Defendants do not have medical education, training or experience, but rely upon the professional judgment of medical professionals who have been retained to provide care to the inmates. (Mull Aff. ¶ 7.)

**B.     The Coosa County Jail Grievance Policy**

Inmates at the Coosa County Jail are given a copy of the inmate handbook when they are booked into the jail. Thus, they are expected to be familiar with the rules and regulations of the jail including the grievance procedure. If at any time an inmate requests another copy of the handbook, he or she will be provided with a new copy. (Mull Aff. ¶ 13.)

It is the policy of the Coosa County Sheriff's Department that members of the Jail staff receive and answer inmate grievances. Grievances must be in writing on an inmate grievance form. Forms on which grievances may be related to the Jail staff are readily available in the Jail. Inmates are furnished these forms at any time they request one. An exception exists for requests of an emergency nature, which may be made orally. Members of the Jail staff are charged with responding to such grievances. Copies of all completed grievances and request forms are placed in an inmate's jail file. (Mull Aff. ¶ 14.) To not provide an inmate with a grievance form or

address a grievance would be a violation of the policy of the Jail.  (Mull Aff. ¶ 15; Exhibit D, Coosa County Jail Handbook.)

A grievance is investigated and answered by appropriate staff at the lowest level of command within 72 hours of its receipt, excluding weekends and holidays.  If an inmate is dissatisfied with the response he receives, he may appeal, in writing, to the next level in the chain of command.  The inmate should attach the original grievance form.  If an inmate is dissatisfied with the response he receives at the next level of command he may appeal, in writing, on up to the Sheriff, who makes the final decision.  Jail staff will take no negative action against an inmate as a result of filing or appealing a grievance.  (Mull Aff. ¶ 16; Ex. D, Coosa County Jail Handbook.)

To Administrator Mull's knowledge, the Plaintiff has not filed a grievance with respect to the subject matter of his Complaint.  (Mull Aff. ¶ 17; Ex. D, Coosa County Jail Handbook.)

## II.    LAW

### A.    The Plaintiff's claims are barred because he has failed to comply with the provisions mandated by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA").

The Court's adherence to mandates of the PLRA is essential to ensure that the "flood" of frivolous claims for constitutional violations does not burden and hinder the Court's consideration of legitimate claims presented by pro se litigants.  See Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000) ("In an effort to stem the flood of prisoner lawsuits in federal court, Congress enacted the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ('PLRA').").  As the Supreme Court recently recognized in Jones v. Bock:

> Prisoner litigation continues to "account for an outsized share of filings" in federal district courts.  Woodford v. Ngo, 548 U.S. ----, ----, n.4, 126 S. Ct. 2378 (2006) (slip op., at 12, n.4).  In 2005, nearly 10 percent of all civil cases filed in federal courts nationwide were prisoner complaints challenging prison conditions or claiming civil rights violations.[footnote omitted]  Most of these cases have no merit; many are frivolous.  Our legal system, however, remains committed to

guaranteeing that prisoner claims of illegal conduct by their custodians are fairly handled according to law.  The challenge lies in ensuring that the flood of nonmeritorious claims does not submerge and effectively preclude consideration of the allegations with merit.  See Neitzke v. Williams, 490 U.S. 319, 327 [] (1989).

Congress addressed that challenge in the PLRA.  What this country needs, Congress decided, is fewer and better prisoner suits.  See Porter v. Nussle, 534 U.S. 516, 524, [] (2002) (PLRA intended to "reduce the quantity and improve the quality of prisoner suits").  To that end, Congress enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good.  ***Key among these was the requirement that inmates complaining about prison conditions exhaust prison grievance remedies before initiating a lawsuit.***

127 S. Ct. at 914 (emphasis added).  Uniform adherence to all the provisions of the PLRA, especially the grievance exhaustion requirement, is mandatory for inmate litigants and the courts to ensure that the federal judicial system can effectively "separate the wheat from the chaff" with regard to claims asserted by inmate litigants.

The first section of the PLRA provides:

***No action shall be brought*** with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility ***until such administrative remedies as are available are exhausted.***

42 U.S.C. § 1997e(a) (emphasis added).  Under this provision of the PLRA, an inmate is required to exhaust all administrative remedies before instituting an action under 42 U.S.C. § 1983, and the Court is precluded from granting relief to any plaintiff who has not exhausted ***all*** his administrative remedies.  In Woodford v. Ngo, ___ U.S. ___; 126 S. Ct. 2378, 2382 (2006), the Supreme Court held, "Exhaustion is no longer left to the discretion of the district court, but is ***mandatory***."  See also Booth v. Churner, 532 U.S. 731, 739 (2001) ("Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards.").  However, as the Supreme Court recognized in Jones v. Bock, each prison sets its own parameters for what constitutes compliance with its grievance policy:

> In <u>Woodford</u>, we held that to properly exhaust administrative remedies prisoners must "complete the administrative review process in accordance with the applicable procedural rules," 548 U.S., at ___, 126 S. Ct. 2378 [] – rules that are defined not by the PLRA, but by the prison grievance process itself…. The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

127 S. Ct. at 922-23.

The Plaintiff has not complied with the provisions of the Coosa County Jail grievance policy, so he cannot be deemed to have exhausted all available administrative remedies provided by the Coosa County Jail grievance policy, as is required by § 1997e(a) of the PLRA. Therefore, his claims must be dismissed.

> **B.** **All claims against these Defendants in their official capacities must fail based on Eleventh Amendment immunity and because they are not "persons" under 42 U.S.C. § 1983.**

The Plaintiff's claims against these Defendants in their official capacities are due to be dismissed for lack of subject matter jurisdiction; as such claims are barred by the Eleventh Amendment to the United States Constitution. <u>Parker v. Williams</u>, 862 F.2d 1471, 1476 (11th Cir. 1989) (holding a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); <u>Free v. Granger</u>, 887 F.2d 1552, 1557 (11th Cir. 1989) (holding that a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); <u>Carr v. City of Florence</u>, 918 F.2d 1521, 1525 (11th Cir. 1990) (holding a deputy sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); <u>Lancaster v. Monroe County</u>, 116 F.3d 1419, 1430-31 (11th Cir. 1997) (extending Eleventh Amendment immunity to include jailers employed by county sheriffs).

In addition, the official capacities claims must fail because 42 U.S.C. § 1983 prohibits a *person*, acting under color of law, from depriving another of his rights secured by the United States Constitution. 42 U.S.C. § 1983 (emphasis added). The United States Supreme Court has

held that state officials, in their official capacities, are not "persons" under § 1983.  <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989).  Any claims against the Defendants in their official capacities should therefore be dismissed because they are not "persons" under § 1983 and therefore claims against them in their official capacities fail to state a claim upon which relief can be granted.  <u>Id.</u>; <u>Carr</u>, 916 F.2d at 1525 n.3.

      **C.**    **Alternatively, these Defendants are entitled to qualified immunity and judgment in their favor as a matter of law.**

In their individual capacities, these Defendants are entitled to qualified immunity to Plaintiff's federal claims.

      **1.**    **These Defendants are entitled to qualified immunity because nothing in their conduct crossed a "bright line" contour of clearly established constitutional law.**

These Defendants were acting within their discretionary authority as officers of the Coosa County Jail during all times relevant to Plaintiff's Complaint because all their actions were taken in the furtherance of their duties.  <u>See, e.g.,</u><u>Holloman ex rel. Holloman v. Harland</u>, 370 F.3d 1252 (11th Cir. 2004).  All actions alleged in the Plaintiff's Complaint are governed by jail policy and are necessarily law enforcement activities.  Once a defendant has asserted the defense of qualified immunity and shown that he was acting within his discretionary authority, the threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish a constitutional violation.  <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001).  This initial inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"  <u>Id.</u> (citing <u>Siegert v. Gilley</u>, 500 U.S. 226, 232 (1991)).

a.    **None of these Defendants have violated Plaintiff's federally protected rights.**

In order to prevail under 42 U.S.C. § 1983 on his deliberate indifference claim, the Plaintiff must demonstrate that these Defendants were deliberately indifferent to a "serious" medical condition, such that the Defendants' conduct constitutes an Eighth Amendment violation.[3]    See <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992) ("Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'") (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 103-104 (1976).  In <u>Estelle</u>, the Supreme Court stated:

> [I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'  Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  <u>It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.</u>

429 U.S. at 105-06 (emphasis added).  <u>See also</u>, <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994) ("Deliberate indifference describes a state of mind more blameworthy than negligence."). Furthermore, where a prisoner has received medical attention and the dispute concerns the adequacy of the medical treatment, deliberate indifference is not shown.  <u>Hamm v. DeKalb County</u>, 774 F.2d 1567 (11th Cir. 1985).

---

[3]   The Fourteenth Amendment analysis for a pretrial detainee, as the Plaintiff was during part of the time relevant to his allegations, is the same as an Eighth Amendment analysis.  <u>See</u> <u>Andujar v. Rodriguez</u>, 486 F.3d 1199, 1203 n.3 (11th Cir. 2007) ("Claims of deliberate indifference to the serious medical needs of pretrial detainees are governed by the Fourteenth Amendment's Due Process Clause rather than by the Eighth Amendment's Cruel and Unusual Punishment Clause, which governs similar claims by convicted prisoners.  <u>Lancaster v. Monroe County</u>, 116 F.3d 1419, 1425 n. 6 (11th Cir. 1997).  Because "[w]e have held that the minimum standard for providing medical care to a pre-trial detainee under the Fourteenth Amendment is the same as the minimum standard required by the Eighth Amendment for a convicted prisoner," we analyze Andujar's claim under the decisional law of both amendments. <u>Id.</u>").

In the instant case, the Plaintiff has not shown that he had a serious medical condition. However, even assuming that the Plaintiff's medical condition was serious, he was provided extensive treatment by these Defendants. As the evidence indicates, the Plaintiff was taken to see Dr. Weaver at the Coosa Valley Family Medical Center in Rockford, Alabama, three different times during his most recent incarceration. His prescription for his inhaler was refilled twice during his most recent incarceration. In addition to treatment from his inhaler, Plaintiff was also given breathing treatments during his most recent incarceration. Accordingly, the Plaintiff has failed to state a claim against these Defendants for deliberate indifference to those conditions because he *received medical treatment*, and he received that treatment abundantly and without delay. Such attention to the Plaintiff's medical conditions cannot be reasonably construed as indifference that offends the "evolving standards of decency" in violation of the Eighth Amendment.

An inmate does not have a right to a *specific* kind of treatment. City of Revere v. Massachusetts General Hosp., 463 U.S. 239, 246 (1983) (holding, "the injured detainee's constitutional right is to receive the needed medical treatment; *how [a municipality] obtains such treatment is not a federal constitutional question*.") (emphasis added). Additionally, this Court should not substitute its medically untrained judgment for the professional judgment of the medical health professionals who treated Plaintiff. See Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989) (observing that "when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation"); Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (stating that the evidence showed the plaintiff received "significant" medical care while in jail, and although plaintiff may have desired different modes of treatment, care provided by jail did not constitute deliberate indifference), cert. denied, 475 U.S. 1096 (1986); Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (stating "Where a prisoner has received some

medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments").

Furthermore, these Defendants do not have any kind of medical education, training or experience.  (Mull Aff. ¶ 7.)  They rely upon the professional judgment of medical professionals who have been retained to provide care to the inmates.  In Williams v. Limestone County, 198 Fed. App'x 893 (11th Cir. 2006), the Eleventh Circuit had addressed in an unpublished opinion the issue of whether an inmate may maintain a medical claim under the auspices of § 1983 against prison officials with no medical background.  In Williams, the Eleventh Circuit held that a Sheriff was not liable for failure to train his employees in emergency medical procedures.  In so holding, the Court noted:

> [W]e cannot say, on this record, that "the need for more or different training [was] obvious," such that by failing to ensure jail personnel were trained in emergency medical procedures, Sheriff Blakely disregarded a substantial risk that the jail staff would be deliberately indifferent to inmates' medical needs ….
>
> [T]here is no indication from the record that Sheriff Blakely had notice his policies, training procedures, or supervision were "likely to result in the violation of a constitutional right." ….
>
> [S]upervisory officials are entitled to rely on medical judgments made by medical professionals responsible for prisoner care.  See, e.g., Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir.1993); White v. Farrier, 849 F.2d 322, 327 (8th Cir.1988).  In this case, Sheriff Blakely promulgated general procedures for dealing with emergency situations, which procedures relied primarily on the medical expertise Naphcare was obligated by contract to provide ….  "[D]eliberate indifference is a stringent standard of fault, requiring proof that [the] actor disregarded a known or obvious consequence of his action."  Bd. of County Comm'rs v. Brown, 520 U.S. 397, 117 S. Ct. 1382, 1391, [] (1997).  See also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995).  Williams [the plaintiff], as the district court concluded, thus failed to meet his burden on summary judgment of establishing that Sheriff Blakely's failure to train jail personnel amounted to deliberate indifference to Williams' serious medical condition.

198 Fed. App'x at 897-98.

The Eighth Circuit has also addressed whether a Sheriff's jail administrator may be held liable for claims of deliberate indifference to a medical condition when medical treatment is

11

provided.  In <u>Meloy v. Bachmeier</u>, 302 F.3d 845 (8th Cir. 2002), a former inmate sued several prison doctors, a nurse, and the prison's medical director[4] for failing to provide him with a positive air pressure machine needed to treat his sleep apnea.  302 F.3d at 847.  Reversing the district court's denial of summary judgment for the director, the Eighth Circuit began by making some common sense observations.  "A prison's medical treatment director who lacks medical expertise cannot be liable for the medical staff's diagnostic decisions."  302 F.3d at 847 <u>citing</u>, <u>Camberos v. Branstad</u>, 73 F.3d 174, 176 (8th Cir. 1995).  Further, the <u>Meloy</u> court stated "[p]rison officials cannot substitute their judgment for a medical professional's prescription."  <u>Id.</u> <u>citing</u>, <u>Zentmyer v. Kendall County</u>, 220 F.3d 805, 812 (7th Cir. 2000).  Finally, the court held:

> The law does not clearly require an administrator with less medical training to second-guess or disregard a treating physician's treatment decision.  Because the law was not clearly established that [the director] was deliberately indifferent to [the plaintiff's] serious medical needs, [the director] is entitled to qualified immunity.

302 F.3d at 849.

Because these Defendants provided the Plaintiff medical care abundantly and without delay, he has failed to state a claim against them for deliberate indifference to his medical condition.

   b.   **Neither the case law of the Eleventh Circuit nor the United States Supreme Court, nor that of the Alabama Supreme Court, placed these Defendants on notice that their conduct would violate Plaintiff's "clearly established" federal rights.**

Even had the Plaintiff successfully stated a constitutional violation, he still bears the burden of showing that the state of the law provided these Defendants with "fair warning" that their conduct would violate the Plaintiff's "clearly established" federal rights.  <u>Willingham v. Loughnan</u>, 321 F.3d 1299, 1301 (11th Cir. 2003).  In determining whether the conduct of the Defendants was clearly established as violating the Plaintiff's constitutional rights, the reviewing

---

[4] The medical director was a trained and licensed nurse.  302 F.3d at 846.

court must examine the state of the law at the time the alleged deprivation occurred.  See Rodgers v. Horsley, 39 F.3d 308, 311 (11th Cir. 1994).  A constitutional right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right."  Anderson v. Creighton, 483 U.S. 635, 640 (1987); Lancaster, 116 F.3d at 1424.  "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit." Storck v. City of Coral Springs, 354 F.3d 1307, 1318 (11th Cir. 2003), 354 F.3d at 1318 (quoting 28 F.3d at 1149).  As the Eleventh Circuit has explained, "[a] plaintiff cannot rely on . . . 'broad legal truisms' to show that a right is clearly established. . . . '[i]f case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant.'"  Kelly v. Curtis, 21 F.3d 1544, 1550 (11th Cir. 1994) (reversing denial of qualified immunity as to some defendants) (quoting Post v. City of Fort Lauderdale, 7 F.3d 1552, 1557 (11th Cir. 1992)).

"In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose," here, the Alabama Supreme Court.  Jenkins v. Talladega Bd. of Educ., 115 F.3d 821, 827 (11th Cir. 1997) (en banc) (citations omitted).

Neither the United States Supreme Court, nor the Eleventh Circuit, nor the Alabama Supreme Court has held a sheriff, a jail administrator, or a corrections officer liable under 42 U.S.C. § 1983 for deliberate indifference to an inmate's medical needs when the inmate was treated by a medical professional often and without delay.  As noted above, the Eleventh Circuit has recognized a cause of action for deliberate indifference, where an inmate can establish that the "deprivation alleged must be, objectively, 'sufficiently serious' and must "'implicate[] the

Eighth Amendment.'"  Therefore, these Defendants cannot be deemed to have violated the Plaintiff's "clearly established" rights under the existing caselaw.

> **c.    The text of the constitutional provisions that Plaintiff alleges were violated do not on their face prohibit the Defendants' conduct.**

The Eleventh Circuit has recognized an alternate method for establishing that the Defendants had notice that their conduct was unlawful.  Accordingly, even where the Plaintiff cannot demonstrate that the caselaw provides these Defendants notice that their conduct violates his constitutional rights, as is the case here, he can establish that these Defendants still had "fair warning" of the constitutional deficiencies of their conduct from the text of the constitutional provision in question.  In such a case, Plaintiff must either demonstrate that the pertinent federal statute or federal constitutional provision is specific enough on its face to prohibit the Defendants' conduct as unconstitutional, even in the total absence of caselaw.  Storck, 354 F.3d at 1317.  The Eleventh Circuit has identified the latter method as an "obvious clarity" case.  Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted).  To establish this case as an "obvious clarity" case, Plaintiff must show that "the words of the pertinent federal statute or federal constitutional provision" establishing the federal right allegedly violated are "specific enough to establish clearly the law applicable to particular conduct" such that "case law is not needed to establish that the conduct cannot be lawful."  Vinyard, 311 F.3d at 1350.

Neither the text of the Eighth Amendment, nor the text of the Fourteenth Amendment on its face, prohibits the conduct of the Defendants in this case as unconstitutional.  Even if Plaintiff had alleged conduct that violated his constitutional rights, neither the relevant bodies of caselaw nor the text of the relevant constitutional provisions would have put these Defendants on notice that their conduct would have violated the Plaintiff's constitutional rights.

14

**D.    The Plaintiff has failed to allege personal involvement as required by 42 U.S.C. § 1983.**

In order to establish a constitutional violation for conduct under § 1983, the Plaintiff must allege personal involvement on behalf of these Defendants.  The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by the Defendants and the constitutional deprivation.  Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995).  The requisite causal connection may be shown by the personal participation of the Defendants, a policy established by the Defendants resulting in indifference to constitutional rights or a breach of a duty imposed state of local law which results in constitutional injury.  Zatler v. Wainwright, 802 F.2d 397 (11th Cir. 1986).

The Plaintiff has failed to allege that any Defendant was in any way personally involved in the allegations surrounding the Plaintiff's claims.  In fact, the Plaintiff fails to make any allegation against any specific person in his Complaint.  The Plaintiff has offered no allegation demonstrating that any Defendant was in any way involved in the conduct that the Plaintiff alleges is unconstitutional.  There are absolutely no facts in the record to show that these Defendants personally participated in the circumstances surrounding the Plaintiff's claims, nor does the Plaintiff allege specifically how these Defendants violated his constitutional rights.

The Eleventh Circuit in Hartley v. Parnell, 193 F.3d 1263 (11th Cir. 1999), established exactly what is required to state a claim (or prove) supervisory liability:

> Supervisory liability [under § 1983] occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation.  The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.  The deprivations that constitute widespread abuse sufficient to notify the supervising official must be "obvious, flagrant, rampant and of continued duration, rather than isolated occurrences."  Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted).

15

193 F.3d at 1269.  The causal connection may also be established where the supervisor's improper "custom or policy . . . result[s] in deliberate indifference to constitutional rights." Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991) (citing Zatler v. Wainwright, 802 F.2d 397 (11th Cir. 1986)).  In light of the applicable law, Plaintiff's allegations are insufficient to create liability on the part of the Defendants.  As such, all the Plaintiff's claims against any Defendant are due to be dismissed.

### E.    There is no *respondeat superior* liability under 42 U.S.C. § 1983.

Because the Plaintiff's Complaint contains no allegations demonstrating that any Defendant was in any way involved in the actions he claims were constitutionally infirm, the Plaintiff's § 1983 claim is based upon nothing more than *respondeat superior* and fails to state a claim for which relief may be granted against these Defendants.  Neither the express language of § 1983 nor the holdings of the United States Supreme Court support liability on this basis.

42 U.S.C. § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, **subjects, or causes to be subjected**, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

(Emphasis added.)  The language of the statute requires that there be a direct causal link between plaintiff and the actions of a putative defendant.  Merely employing an individual who causes harm is insufficient to invoke the remedy of this statute.

The United States Supreme Court addressed this exact issue and adopted this holding nearly 30 years ago.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).  In Monell, the court cited § 1983 and held, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  436 U.S. at 691.  Accordingly, as both the explicit text of § 1983

16

and the opinions of the United States Supreme Court forbid vicarious liability, the Plaintiff's *respondeat superior* claims must fail.

## CONCLUSION

Defendants deny each and every allegation made by Plaintiff in his Complaint. These Defendants have not acted in a manner so as to deprive the Plaintiff of any right to which he is entitled.

## MOTION FOR SUMMARY JUDGMENT

Defendants respectfully request that this Court treat their Special Report as a Motion for Summary Judgment, and grant unto them the same.

Respectfully submitted this 8th day of July, 2008.

> **s/Gary L. Willford, Jr.**
> GARY L. WILLFORD, JR. Bar No. WIL198
> ASHLEY HAWKINS FREEMAN Bar No. FRE044
> Attorneys for Defendants
> WEBB & ELEY, P.C.
> 7475 Halcyon Pointe Drive (36117)
> Post Office Box 240909
> Montgomery, Alabama 36124
> Telephone: (334) 262-1850
> Fax: (334) 262-1889
> E-mail: gwillford@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of July, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

Demetrius Donya Patterson, ASI # 252512
c/o Coosa County Jail
Post Office Box 279
Rockford, Alabama 35136

> **s/Gary L. Willford, Jr.**
> OF COUNSEL

# Exhibit A
# Booking Sheet of Demetrius Donya Patterson

```
09/20/2007    12:34:24        INMATE BOOKING SHEET                PAGE     1
==============================================================================
BOOKING NO: 070000533

INMATE NAME: PATTERSON DEMETRIUS D
       ALIAS: DEDE                           RACE: B       SEX: M
       ALIAS:                                HT: 6'01"  HAIR: BLK
     ADDRESS: 136 HIGHLAND COURT             WT: 175    EYES:
 CITY/ST/ZIP: GOODWATER, AL               COMPLEX:
  HOME PHONE: 256-839-5429                     SSN: ████████
         DOB: 08/01/1986  AGE:  21          DL ST:              DLN:
 PLCE BIRTH: BIRMINGHAM                       SID:
       STATE: AL                            LOCID: 070000091
   M. STATUS:
    RELIGION:
 GANG ASSOC: NO
SCARS/TATTOOS: SCARES LEFT ELBOW/CHIN TAT D.E.ONLEFT SHOULDER AND LEG,D RIF
KNOWN ENEMIES: UNKNOWN
     REMARKS:
-------------------------------- NEXT OF KIN ----------------------------------
 NEXT OF KIN: GANIE PATTERSON              RELATIONSHIP: MOTHER
     ADDRESS: APT136 HIGHLAND COURT               PHONE: 256-839-5429
 CITY/ST/ZIP: GOODWATER, AL
     REMARKS:
-------------------------------- EMPLOYER INFO --------------------------------
    EMPLOYED: N
EMPLOYER NAME:
     ADDRESS:
 CITY/ST/ZIP: ,
       PHONE: 000-000-0000
-------------------------------- MEDICAL --------------------------------------
 HANDICAPPED: N   NEEDS:
     GLASSES: N   SMOKE: Y
MEDICAL NEEDS:    NEEDS: INHALER FOR ASMATHA
   PHYSICIAN:            PHONE: 000-000-0000
     REMARKS:

     REMARKS:
     REMARKS:
-------------------------------- PROPERTY -------------------------------------
        CASH:       $00.00
 DESCRIPTION:
ADD. PROPERTY: INHALER LEGAL PAPER WORK WHITE SHIRT BLUE JEANS BLUE SHOES
ADD. PROPERTY:
ADD. PROPERTY:
  BIN NUMBER:
VEH IMPOUNDED:
 IMPOUND LOT:
     REMARKS:
     REMARKS:
==============================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE:  X  _Demetrius Patterson_    DATE:_____   TIME:_____

BOOK OFFICER: _____        DATE: 09/20/07  TIME: 235
```

```
09/20/2007    12:34:24        INMATE BOOKING SHEET                  PAGE    2
=============================================================================
BOOKING NO: 070000533      INMATE NAME: PATTERSON DEMETRIUS D
=============================================================================
          COURT: DISTRICT             ATTORNEY ON REC:
          JUDGE: TEEL                          PHONE: 000-000-0000
        REMARKS:
        REMARKS:
-----------------------------------------------------------------------------
   BOOK DATE: 09/20/2007  BOOK TIME: 12:27  BOOK TYPE: NORMAL

   ARREST DATE: 09/20/2007        BOOKING OFFICER: SHAW
   ARREST DEPT: CCSO              CELL ASSIGNMENT: A104
 ARRST OFFICER: RYAN FORDHAM          MEAL CODE: 01   COOSA COUNTY
 PROJ. RLSDATE: 00/00/0000             FACILITY: 01   COUNTY JAIL
 SEARCH OFFCR: SHAW               CLASSIFICATION:
   TYPE SEARCH: PAT                WORK RELEASE: N
 INTOX RESULTS:

          HOLDS: N
         AGENCY:                  REASON:
         AGENCY:                  REASON:
         AGENCY:                  REASON:
         AGENCY:                  REASON:

          NOTES:
          NOTES:
          NOTES:
```



# Exhibit B
# Affidavit of Mike Mull

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| DEMETRIUS DONYA PATTERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:08-cv-49-MHT-SRW |
| | ) |
| KEVIN PARKER, et al., | ) |
| | ) |
| Defendants. | ) |

<u>**AFFIDAVIT OF MIKE MULL**</u>

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF COOSA | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Mike Mull, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.     My name is Mike Mull.  I am over the age of nineteen and competent to make this affidavit.

2.     I am the Jail Administrator for the Coosa County Jail.  I have served in that position since March of 2007.  Prior to that, I served as a Dispatcher and Jailer for the Sylacauga Police Department from 2000 to 2007.  Prior to that I served as a Military Police Officer with the United States Army from 1994 to 1999.  I have a total of fifteen years of law enforcement experience.

3.     I am familiar with Demetrius Donya Patterson due to his incarceration in the Coosa County Jail.

4.     I have read the Complaint and have some personal knowledge of the facts underlying the Plaintiff's allegations.

1

5.      It is the policy of the Coosa County Sheriff's Department that the Jail personnel provide timely medical treatment to inmates. Forms on which medical requests may be related to the Jail staff are readily available in the Jail. Inmates are furnished these forms at any time they request one. An exception exists for requests of an emergency nature, which may be made orally. Members of the Jail staff are charged with responding to such requests. Copies of all medical request forms are placed in an inmate's Jail file and medical file. In an emergency situation, the Jail personnel have the authority to seek emergency medical care immediately.

6.      It is a violation of the policies of the Coosa County Jail to deny necessary medical attention, care or medication to an inmate.

7.      Defendants do not have medical education, training or experience, but rely upon the professional judgment of medical professionals who have been retained to provide care to the inmates.

8.      Plaintiff has been in and out of the Coosa County jail numerous times. When Plaintiff is booked into the jail, his mother normally brings his inhaler to the jail right after he is incarcerated.

9.      I have never witnessed Plaintiff in any distress due to difficulty breathing. During Plaintiff's most recent incarceration, Plaintiff's cell was located on the top floor. Thus, he had to go up and down a flight of stars to go to and from his cell. Plaintiff never complained of any breathing problems due to this physical activity. During Plaintiff's most recent incarceration, he was involved in a physical altercation with another inmate. Although Plaintiff physically exerted himself during this altercation by fighting and yelling, Plaintiff never complained of any breathing problems due to this physical activity.

10.     Plaintiff has never complained to me about the medical treatment he received while incarcerated at the Coosa County Jail.

2

11.     During Plaintiff's most recent incarceration he was told by his treating physician that his medical condition could be treated by using either an inhaler or a nebulizer and that it was not medically necessary to use both.

12.     Two local physicians have agreed to treat inmates at the Coosa County Jail. Once an inmate requests an appointment with a physician for a non-emergency condition, the inmate is placed on the appointment list. Usually each doctor will see 1-2 inmates a week. Thus, an inmate may be on the appointment list for several weeks before they are seen by a physician.

13.     Inmates at the Coosa County Jail are given a copy of the inmate handbook when they are booked into the jail. Thus, they are expected to be familiar with the rules and regulations of the jail including the grievance procedure. If at any time an inmate requests another copy of the handbook, he or she will be provided with a new copy.

14.     It is the policy of the Coosa County Sheriff's Department that members of the Jail staff receive and answer inmate grievances. Grievances must be in writing on an inmate grievance form. Forms on which grievances may be related to the Jail staff are readily available in the Jail. Inmates are furnished these forms at any time they request one. An exception exists for requests of an emergency nature, which may be made orally. Members of the Jail staff are charged with responding to such grievances. Copies of all completed grievances and request forms are placed in an inmate's jail file.

15.     To not provide an inmate with a grievance form or address a grievance would be a violation of the policy of the Jail.

16.     A grievance is investigated and answered by appropriate staff at the lowest level of command within 72 hours of its receipt, excluding weekends and holidays. If an inmate is dissatisfied with the response he receives, he may appeal, in writing, to the next level in the chain of command. The inmate should attach the original grievance form. If an inmate is dissatisfied with

3

the response he receives at the next level of command he may appeal, in writing, on up to the Sheriff, who makes the final decision. Jail staff will take no negative action against an inmate as a result of filing or appealing a grievance.

17.    To my knowledge, the Plaintiff has not filed a grievance with respect to the subject matter of his Complaint.

18.    Defendants followed the policies of the Coosa County Jail in all interactions with the Plaintiff.

19.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit, and that the above statements were made by drawing from my personal knowledge of the situation.

Executed on this the 3 day of July 2008.


_____

MIKE MULL

**SWORN TO** and **SUBSCRIBED** before me this 3 day of July , 2008.


_____

NOTARY PUBLIC
My Commission Expires: 7/3/08

# Exhibit C
# Plaintiff's Medical Records

COOSA COUNTY SHERIFF'S OFFICE
/20/2007    12:34:24    MEDICAL SCREENING FORM
=============================================================================== PAGE 1

ooking No: 070000533    Date: 09/20/2007    Time: 12:27    Type: NORMAL
gency to Bill: COOSA COUNTY                 Facility: COUNTY JAIL

nmate Name: PATTERSON DEMETRIUS D
    DOB: 08/01/1986   Age:   21   SSN: ██████████    Race: B        Sex: M
                                                      Height: 6'01"   Weight: 175
-----------------------------------------------------------------------------

1.  Is inmate unconscious?

2.  Does inmate have any visible signs of trauma, illness, obvious pain
    and bleeding, requiring immediate emergency or doctor's care?

3.  Is there obvious fever, swollen lymph nodes, jaundice or other
    evidence of infection that might spread through the facility?

4.  Any signs of poor skin condition, vermin, rashes or needle marks?

5.  Does inmate appear to be under the influence of drugs or alcohol?

6.  Any visible signs of alcohol or drug withdrawal?

7.  Does inmate's behavior suggest the risk of suicide or assault?

8.  Is inmate carrying any medication?

**COPY**

9.  Does the inmate have any physical deformities?

10. Does inmate appear to have psychiatric problems?

11. Do you have or have you ever had or has anyone in your family
    ever had any of the following?

    a. Allergies          f. Fainting Spells       k. Seizures

    b. Arthritis          g. Hearing Condition     l. Tuberculosis

    c. Asthma             h. Hepatitis             m. Ulcers

    d. Diabetes           i. High Blood Pressure   n. Venereal Disease

    e. Epilepsy           j. Psychiatric Disorder  o. Other (Specify)

Other: _____

    _____

    _____

12. For females only:

    a. Are you pregnant?

    b. Do you take birth control pills?

    c. Have you recently delivered?

```
09/20/2007    12:34:24    MEDICAL SCREENING FORM                PAGE 3
=====================================================================
Booking No: 070000533  Date: 09/20/2007  Time: 12:27  Type: NORMAL
Agency to Bill: COOSA COUNTY            Facility: COUNTY JAIL

Inmate Name: PATTERSON DEMETRIUS D          Race: B      Sex: M
     DOB: 08/01/1986  Age:  21  SSN: ████████  Height: 6'01"  Weight: 175
---------------------------------------------------------------------
```

### BEDDING/HYGIENE ISSUE FORM

1)  _____  Received tumbler   ($ 2.00 value)

2)  _____  Received pillow    ($15.00 value)

3)  _____  Received mattress  ($30.00 value)

4)  _____  Received blanket   ($15.00 value)

5)  _____  Received Inmate Handbook ($5.00 value)

6)  _____  Received personal hygiene items

Inmates will be charged the value of each item not received back in good
condition at the time they are booked out of the Coosa County Jail.


**NOTICE TO INMATES**

The Coosa County Jail will charge a co-pay for any and all medical services
received through the Coosa County Jail.

**The co-pays are:**  **$10.00 - Doctor visit   (each)**
                 **$ 3.00 - Prescription   (each)**
                 **$ 7.00 - Dentist Visit (each extraction only)**

I HAVE READ AND UNDERSTAND THE ABOVE NOTICES REGARDING CHARGES FOR DAMAGED
PROPERTY AND MEDICAL SERVICES THAT I MAY INCCURE AT THE COOSA COUNTY JAIL.

INMATE _____    DATE: 9/20/07    TIME: _____

BOOK OFFICER _____    DATE: 09/20/07   TIME: 1275

COOSA COUNTY SHERIFF'S OFFICE

09/10/2007      15:32:03      MEDICAL SCREENING FORM                    PAGE 1
================================================================================
Booking No: 070000497  Date: 09/10/2007  Time: 15:29  Type: NORMAL
Agency to Bill: COOSA COUNTY           Facility: COUNTY JAIL

Inmate Name: PATTERSON DEMETRIUS D                 Race: B         Sex: M
       DOB: 08/01/1986 Age:  21  SSN: ▓▓▓▓▓▓   Height: 6'01"  Weight: 175
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

_____   1.   Is inmate unconscious?

_____   2.   Does inmate have any visible signs of trauma, illness, obvious pain
               and bleeding, requiring immediate emergency or doctor's care?

_____   3.   Is there obvious fever, swollen lymph nodes, jaundice or other
               evidence of infection that might spread through the facility?

_____   4.   Any signs of poor skin condition, vermin, rashes or needle marks?

_____   5.   Does inmate appear to be under the influence of drugs or alcohol?

_____   6.   Any visible signs of alcohol or drug withdrawal?

_____   7.   Does inmate's behavior suggest the risk of suicide or assault?

_____   8.   Is inmate carrying any medication?

_____   9.   Does the inmate have any physical deformities?

_____  10.   Does inmate appear to have psychiatric problems?

         11.   Do you have or have you ever had or has anyone in your family
               ever had any of the following?

_____ a. Allergies       _____ f. Fainting Spells       _____ k. Seizures

_____ b. Arthritis       _____ g. Hearing Condition      _____ l. Tuberculosis

_____ c. Asthma          _____ h. Hepatitis              _____ m. Ulcers

_____ d. Diabetes        _____ i. High Blood Pressure    _____ n. Venereal Disease

_____ e. Epilepsy        _____ j. Psychiatric Disorder   _____ o. Other (Specify)

Other:  _____

        _____

        _____

         12.   For females only:

_____ a. Are you pregnant?

_____ b. Do you take birth control pills?

_____ c. Have you recently delivered?

```
                      COOSA COUNTY SHERIFF'S OFFICE
09/10/2007    15:32:03    MEDICAL SCREENING FORM                    PAGE 2
==========================================================================
Booking No: 070000497  Date: 09/10/2007  Time: 15:29  Type: NORMAL
Agency to Bill: COOSA COUNTY            Facility: COUNTY JAIL

Inmate Name: PATTERSON DEMETRIUS D              Race: B        Sex: M
     DOB: 08/01/1986 Age:  21  SSN:            Height: 6'01"  Weight: 175
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

_____  13.  Have you recently been hospitalized or treated by a doctor?

_____  14.  Do you currently take any non-prescription medication or medication
              prescribed by a doctor?

_____  15.  Are you allergic to any medication?

_____  16.  Do you have any handicaps or conditions that limit activity?

_____  17.  Have you ever attempted suicide or are you thinking about it now?

_____  18.  Do you regularly use alcohol or street drugs?

_____  19.  Do you have any problems when you stop drinking or using drugs?

_____  20.  Do you have a special diet prescribed by a physician?

_____  21.  Do you have any problems or pain with your teeth?

_____  22.  Do you have any other medical problems we should know about?

_____

_____

_____

_____

_____

_____

_____

I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE
TRUE AND ACCURATE.


INMATE:_____  DATE:_____  TIME:_____


BOOK OFFICER:_____  DATE:_____  TIME:_____

```
09/10/2007     15:32:03     MEDICAL SCREENING FORM          PAGE 3
```
COOSA COUNTY SHERIFF'S OFFICE
```
================================================================
Booking No: 070000497  Date: 09/10/2007  Time: 15:29  Type: NORMAL
Agency to Bill: COOSA COUNTY              Facility: COUNTY JAIL

Inmate Name: PATTERSON DEMETRIUS D          Race: B        Sex: M
     DOB: 08/01/1986 Age:  21  SSN: ████████  Height: 6'01"  Weight: 175
------------------------------------------------------------------------
```

### BEDDING/HYGIENE ISSUE FORM

1) _____ Received tumbler   ($ 2.00 value)

2) _____ Received pillow    ($15.00 value)

3) _____ Received mattress ($30.00 value)

4) _____ Received blanket   ($15.00 value)

5) _____ Received Inmate Handbook ($5.00 value)

6) _____ Received personal hygiene items

*Inmates will be charged the value of each item not received back in good condition at the time they are booked out of the Coosa County Jail.*

**NOTICE TO INMATES**

*The Coosa County Jail will charge a co-pay for any and all medical services received through the Coosa County Jail.*

**The co-pays are:  $10.00 - Doctor visit   (each)**
**                   $ 3.00 - Prescription  (each)**
**                   $ 7.00 - Dentist Visit (each extraction only)**

I HAVE READ AND UNDERSTAND THE ABOVE NOTICES REGARDING CHARGES FOR DAMAGED PROPERTY AND MEDICAL SERVICES THAT I MAY INCCURE AT THE COOSA COUNTY JAIL.

INMATE:_____   DATE:_____   TIME:_____

BOOK OFFICER:_____   DATE:_____   TIME:_____

COPY

| Medications | Hour | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Vitamin B-6 - 25 mg | Breakfast | | | | | | | | | | | | | | | | | | | | | | | ✓ | | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| Isoniazid Tablets | B'fast | | | | | | | | | | | | | | | | | | | | | | | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| Albuterol USP Inhaler (As needed) | B'fast | | | | | | | | | | | | | | | | | | | | | | | | ✓ | ✓ | | | | | | |
| | Lunch | | | | | | | | | | | | | | | | | | | | | | ✓ | | | | | | | | | |
| | Dinner | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

NAME: Demetrius Patterson    MONTH: Aug    LOCATION: A-Block

```
07/24/2007     14:13:45     MEDICAL SCREENING FORM                    PAGE 1
================================================================================
Booking No: 070000411   Date: 07/24/2007   Time: 14:11   Type: NORMAL
Agency to Bill: COOSA COUNTY              Facility: COUNTY JAIL

Inmate Name: PATTERSON DEMETRIUS D              Race: B        Sex: M
     DOB: 08/01/1986 Age:  20  SSN: ██████████  Height: 6'01"  Weight: 175
--------------------------------------------------------------------------------
```

1. Is inmate unconscious?

2. Does inmate have any visible signs of trauma, illness, obvious pain and bleeding, requiring immediate emergency or doctor's care?

3. Is there obvious fever, swollen lymph nodes, jaundice or other evidence of infection that might spread through the facility?

4. Any signs of poor skin condition, vermin, rashes or needle marks?

5. Does inmate appear to be under the influence of drugs or alcohol?

6. Any visible signs of alcohol or drug withdrawal?

7. Does inmate's behavior suggest the risk of suicide or assault?

8. Is inmate carrying any medication?

9. Does the inmate have any physical deformities?

10. Does inmate appear to have psychiatric problems?

11. Do you have or have you ever had or has anyone in your family ever had any of the following?

a. Allergies           f. Fainting Spells        k. Seizures

b. Arthritis           g. Hearing Condition      l. Tuberculosis

c. Asthma              h. Hepatitis              m. Ulcers

d. Diabetes            i. High Blood Pressure    n. Venereal Disease

e. Epilepsy            j. Psychiatric Disorder   o. Other (Specify)

Other: _____

COPY

12. For females only:

a. Are you pregnant?

b. Do you take birth control pills?

c. Have you recently delivered?

```
07/24/2007    14:13:45    COOSA COUNTY SHERIFF'S OFFICE
                          MEDICAL SCREENING FORM                    PAGE 2
=================================================================================
Booking No: 070000411  Date: 07/24/2007  Time: 14:11   Type: NORMAL
Agency to Bill: COOSA COUNTY                Facility: COUNTY JAIL

Inmate Name: PATTERSON DEMETRIUS D
     DOB: 08/01/1986 Age:  20  SSN: ▓▓▓▓▓▓        Race: B      Sex: M
                                              Height: 6'01"  Weight: 175
```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

13. Have you recently been hospitalized or treated by a doctor?

14. Do you currently take any non-prescription medication or medication prescribed by a doctor?

15. Are you allergic to any medication?

16. Do you have any handicaps or conditions that limit activity?

17. Have you ever attempted suicide or are you thinking about it now?

18. Do you regularly use alcohol or street drugs?

19. Do you have any problems when you stop drinking or using drugs?

20. Do you have a special diet prescribed by a physician?

21. Do you have any problems or pain with your teeth?

22. Do you have any other medical problems we should know about?

13- Saw nurse for TB shot
14- Inhaler, Vitamins, INH, Colace
15- Aspirin

I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE _Demetrius Patterson_____    DATE: _____  TIME: _____

BOOK OFFICER: _____    DATE: 07/24/2007  TIME: 1425

```
07/24/2007    14:13:45    COOSA COUNTY SHERIFF'S OFFICE
                          MEDICAL SCREENING FORM                    PAGE 3
=========================================================================
Booking No: 070000411  Date: 07/24/2007  Time: 14:11  Type: NORMAL
Agency to Bill: COOSA COUNTY            Facility: COUNTY JAIL

Inmate Name: PATTERSON DEMETRIUS D
     DOB: 08/01/1986 Age:  20  SSN: ▓▓▓▓▓    Race: B       Sex: M
                                            Height: 6'01"  Weight: 175
-------------------------------------------------------------------------
```

### BEDDING/HYGIENE ISSUE FORM

1)  _____  Received tumbler   ($ 2.00 value)

2)  _____  Received pillow    ($15.00 value)

3)  _____  Received mattress  ($30.00 value)

4)  _____  Received blanket   ($15.00 value)

5)  _____  Received Inmate Handbook ($5.00 value)

6)  _____  Received personal hygiene items

Inmates will be charged the value of each item not received back in good condition at the time they are booked out of the Coosa County Jail.

<u>NOTICE TO INMATES</u>

The Coosa County Jail will charge a co-pay for any and all medical services received through the Coosa County Jail.

**The co-pays are:**  **$10.00 - Doctor visit**  **(each)**
              **$ 3.00 - Prescription**  **(each)**
              **$ 7.00 - Dentist Visit (each extraction only)**

I HAVE READ AND UNDERSTAND THE ABOVE NOTICES REGARDING CHARGES FOR DAMAGED PROPERTY AND MEDICAL SERVICES THAT I MAY INCCURE AT THE COOSA COUNTY JAIL.

INMATE: *Demetrius Patterson*    DATE: _____   TIME: _____

BOOK OFFICER: _____    DATE: 07/24/2007  TIME: 1425

COPY

```
06/14/2007    14:52:44        COOSA COUNTY SHERIFF'S OFFICE
                              MEDICAL SCREENING FORM                      PAGE 2
================================================================================
Booking No: 070000329  Date: 06/14/2007   Time: 14:50   Type: NORMAL
Agency to Bill: COOSA COUNTY              Facility: COUNTY JAIL

Inmate Name: PATTERSON DEMETRIUS D
     DOB: 08/01/1986 Age:  20  SSN:                  Race: B      Sex: M
                                          Height: 6'01"  Weight: 175
--------------------------------------------------------------------------------
```

___Y___ 13.  Have you recently been hospitalized or treated by a doctor?

___Y___ 14.  Do you currently take any non-prescription medication or medication prescribed by a doctor?

___Y___ 15.  Are you allergic to any medication?

___N___ 16.  Do you have any handicaps or conditions that limit activity?

___N___ 17.  Have you ever attempted suicide or are you thinking about it now?

___N___ 18.  Do you regularly use alcohol or street drugs?

___N___ 19.  Do you have any problems when you stop drinking or using drugs?

___N___ 20.  Do you have a special diet prescribed by a physician?

___N___ 21.  Do you have any problems or pain with your teeth?

___N___ 22.  Do you have any other medical problems we should know about?

14) inhaler

15) Aspirin

I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: _Demetrius Patterson_    DATE: _6/14/07_    TIME: _1452_

BOOK OFFICER: _____    DATE: _6/14/07_    TIME: _1452_

06/14/2007    14:52:44    COOSA COUNTY SHERIFF'S OFFICE
                          MEDICAL SCREENING FORM                    PAGE 3
==================================================================
Booking No: 070000329  Date: 06/14/2007  Time: 14:50  Type: NORMAL
Agency to Bill: COOSA COUNTY            Facility: COUNTY JAIL

Inmate Name: PATTERSON DEMETRIUS D                Race: B        Sex: M
     DOB: 08/01/1986  Age: 20  SSN: ▮▮▮▮▮▮      Height: 6'01"  Weight: 175
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### BEDDING/HYGIENE ISSUE FORM

1) ___✓___  Received tumbler    ($ 2.00 value)

2) ___✓___  Received pillow     ($15.00 value)

3) ___✓___  Received mattress   ($30.00 value)

4) ___✓___  Received blanket    ($15.00 value)

5) ___✓___  Received Inmate Handbook ($5.00 value)

6) ___✓___  Received personal hygiene items

Inmates will be charged the value of each item not received back in good
condition at the time they are booked out of the Coosa County Jail.

### NOTICE TO INMATES

The Coosa County Jail will charge a co-pay for any and all medical services
received through the Coosa County Jail.

**The co-pays are:** $10.00 - Doctor visit **(each)**
                     $ 3.00 - Prescription **(each)**
                     $ 7.00 - Dentist Visit **(each extraction only)**

I HAVE READ AND UNDERSTAND THE ABOVE NOTICES REGARDING CHARGES FOR DAMAGED
PROPERTY AND MEDICAL SERVICES THAT I MAY INCCURE AT THE COOSA COUNTY JAIL.

INMATE: _Demetrius Patterson_         DATE: _6/14/07_  TIME: _1452_

BOOK OFFICER: _____       DATE: _6/14/07_  TIME: _1459HRS_

COPY

06/14/2007   14:52:44   COOSA COUNTY SHERIFF'S OFFICE   PAGE 1
MEDICAL SCREENING FORM

======================================================================
Booking No: 070000329   Date: 06/14/2007   Time: 14:50   Type: NORMAL
Agency to Bill: COOSA COUNTY                   Facility: COUNTY JAIL

Inmate Name: PATTERSON DEMETRIUS D                   Race: B      Sex: M
    DOB: 08/01/1986  Age: 20  SSN: ▉▉▉▉▉     Height: 6'01"  Weight: 175
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1.  Is inmate unconscious?

2.  Does inmate have any visible signs of trauma, illness, obvious pain
    and bleeding, requiring immediate emergency or doctor's care?

3.  Is there obvious fever, swollen lymph nodes, jaundice or other
    evidence of infection that might spread through the facility?

4.  Any signs of poor skin condition, vermin, rashes or needle marks?

5.  Does inmate appear to be under the influence of drugs or alcohol?

6.  Any visible signs of alcohol or drug withdrawal?

7.  Does inmate's behavior suggest the risk of suicide or assault?

8.  Is inmate carrying any medication?

9.  Does the inmate have any physical deformities?

10. Does inmate appear to have psychiatric problems?

11. Do you have or have you ever had or has anyone in your family
    ever had any of the following?

    a. Allergies          f. Fainting Spells       k. Seizures

    b. Arthritis          g. Hearing Condition     l. Tuberculosis

    c. Asthma             h. Hepatitis             m. Ulcers

    d. Diabetes           i. High Blood Pressure   n. Venereal Disease

    e. Epilepsy           j. Psychiatric Disorder  o. Other (Specify)

Other: _____

_____

_____

12. For females only:

    _____ a. Are you pregnant?

    _____ b. Do you take birth control pills?

    _____ c. Have you recently delivered?

## Medications

| Hour | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 |

Albuteral Inhaler
(use as needed)

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
|---|---|---|---|---|---|---|---|---|---|---|
| B | | | | | | | | | | |
| L | | | | | | | | | | |
| S | | | | | | | | | | |
| BT | | | | | | | | | | |

| | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 |
|---|---|---|---|---|---|---|---|---|---|---|
| B | | | | | | | | | | |
| L | | | | | | | | | | |
| S | | | | | | | | | | |
| BT | | | | | | | | | | |

| | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| B | | | | | | | | | | | |
| L | | | | | | | Dr D. | | | | |
| S | | | | | | | | | | | |
| BT | | | | | | | | | | | |

| Charting For | | Through | | | |
|---|---|---|---|---|---|
| Physician | | | | Telephone No. | Medical Record No. |
| Alt. Phys. | COPY | | | Alt. Telephone | |
| ...ler-gies | | | | Rehabilitative Potential | |
| Diagnosis | | | | | Admission Date |

| Medicaid Number | Medicare Number | Complete Entries Checked: By: | | Title: | Date: |
|---|---|---|---|---|---|

| Resident | | Birth Date | Resident Code | Room No. | Bed | Facility Code |
|---|---|---|---|---|---|---|
| Patterson, Demetrius D. | | | | | | |

COOSA COUNTY SHERIFF'S OFFICE
02/28/2007    04:57:55    MEDICAL SCREENING FORM    PAGE 1
========================================================================
Booking No: 070000091  Date: 02/28/2007  Time: 04:24  Type: NORMAL
Agency to Bill: COOSA COUNTY             Facility: COUNTY JAIL

Inmate Name: PATTERSON DEMETRIUS D                Race: B        Sex: M
     DOB: 08/01/1986 Age:  20  SSN: ██████████ Height: 6'01"  Weight: 175
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

____ 1.   Is inmate unconscious?

____ 2.   Does inmate have any visible signs of trauma, illness, obvious pain
          and bleeding, requiring immediate emergency or doctor's care?

____ 3.   Is there obvious fever, swollen lymph nodes, jaundice or other
          evidence of infection that might spread through the facility?

____ 4.   Any signs of poor skin condition, vermin, rashes or needle marks?

____ 5.   Does inmate appear to be under the influence of drugs or alcohol?

____ 6.   Any visible signs of alcohol or drug withdrawal?

____ 7.   Does inmate's behavior suggest the risk of suicide or assault?

____ 8.   Is inmate carrying any medication?

____ 9.   Does the inmate have any physical deformities?

____ 10.  Does inmate appear to have psychiatric problems?

____ 11.  Do you have or have you ever had or has anyone in your family
          ever had any of the following?

____ a. Allergies      ____ f. Fainting Spells    ____ k. Seizures

____ b. Arthritis      ____ g. Hearing Condition  ____ l. Tuberculosis

____ c. Asthma         ____ h. Hepatitis          ____ m. Ulcers

____ d. Diabetes       ____ i. High Blood Pressure ____ n. Venereal Disease

____ e. Epilepsy       ____ j. Psychiatric Disorder ____ o. Other (Specify)

Other:  _____

        COPY

_____

12.  For females only:

____ a. Are you pregnant?

____ b. Do you take birth control pills?

____ c. Have you recently delivered?

COOSA COUNTY SHERIFF'S OFFICE
02/28/2007    04:57:55    MEDICAL SCREENING FORM                    PAGE 2
===========================================================================
Booking No: 070000091  Date: 02/28/2007  Time: 04:24   Type: NORMAL
Agency to Bill: COOSA COUNTY                 Facility: COUNTY JAIL

Inmate Name: PATTERSON DEMETRIUS D
     DOB: 08/01/1986 Age:  20  SSN: ▓▓▓▓▓▓▓▓   Race: B        Sex: M
                                             Height: 6'01"  Weight: 175
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

13. Have you recently been hospitalized or treated by a doctor?

14. Do you currently take any non-prescription medication or medication
    prescribed by a doctor? *inhaler*

15. Are you allergic to any medication? *aspirin*

16. Do you have any handicaps or conditions that limit activity?

17. Have you ever attempted suicide or are you thinking about it now?

18. Do you regularly use alcohol or street drugs?

19. Do you have any problems when you stop drinking or using drugs?

20. Do you have a special diet prescribed by a physician?

21. Do you have any problems or pain with your teeth?

22. Do you have any other medical problems we should know about?

_____

_____

_____

_____

_____

_____

_____

COPY

I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE
TRUE AND ACCURATE.

INMATE: _Demetrius Patterson_         DATE: 2-28-07   TIME: 04:57

BOOK OFFICER: _Jonica Simmons_        DATE: 2-28-07   TIME: 04:57

COOSA COUNTY SHERIFF'S OFFICE
02/28/2007    04:57:55    MEDICAL SCREENING FORM                    PAGE 3
================================================================================
Booking No: 070000091  Date: 02/28/2007  Time: 04:24  Type: NORMAL
Agency to Bill: COOSA COUNTY                    Facility: COUNTY JAIL

Inmate Name: PATTERSON DEMETRIUS D                Race: B        Sex: M
        DOB: 08/01/1986 Age:  20  SSN: ███████    Height: 6'01"  Weight: 175
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## BEDDING/HYGIENE ISSUE FORM

1) _____  *Received tumbler  ($ 2.00 value)*

2) _____  *Received pillow   ($15.00 value)*

3) _____  *Received mattress ($30.00 value)*

4) _____  *Received blanket  ($15.00 value)*

5) _____  *Received Inmate Handbook ($5.00 value)*

6) _____  *Received personal hygiene items*

*Inmates will be charged the value of each item not received back in good
condition at the time they are booked out of the Coosa County Jail.*

### NOTICE TO INMATES

*The Coosa County Jail will charge a co-pay for any and all medical services
received through the Coosa County Jail.*

**The co-pays are:  $10.00 - Doctor visit   (each)
                    $ 3.00 - Prescription  (each)
                    $ 7.00 - Dentist Visit (each extraction only)**

I HAVE READ AND UNDERSTAND THE ABOVE NOTICES REGARDING CHARGES FOR DAMAGED
PROPERTY AND MEDICAL SERVICES THAT I MAY INCCURE AT THE COOSA COUNTY JAIL.

INMATE: *Demetrius Patters*          DATE: 2-28-07  TIME: 04:57

BOOK OFFICER: *Monica Larcomb*       DATE: 2-28-07  TIME: 04:57

COPY

# COOSA COUNTY JAIL
## REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF INMATE: Demetrias Patterson    DATE: 2-13-08

**PLEASE CHECK ONE OF THE FOLLOWING:**

✔ MEDICAL    _____ COMMISSARY    _____ OTHER

**STATE YOUR REQUEST:**

NEED Another J.D hayler
Demetrius D. Patterson

RECEIVED BY: _____    DATE: 2-13-08

REVIEWED BY:

ADMIN MULL: X    LT PEOPLES: _____    DATE: 2/14/

ACTION TAKEN:

appt is today.

COPY

COPY

# COOSA COUNTY JAIL
## INMATE DISCIPLINARY REPORT
### (PLEASE PRINT ALL INFORMATION)

NAME OF INMATE: Patterson, Demetrius  DATE: 2/11/08

DATE OF OCCURRENCE: 2/11/08

CORRECTION OFFICER ON DUTY: _____

INCIDENT: I had told another inmate (Stokes) that
it wasn't time to open the doors. Inmate Patterson
began yelling my name, calling me a bitch.
(around 1900 Hrs)
14.3 Rule violation

Turned over to admin.

RECEIVED BY: _____ DATE: _____

REVIEWED BY:

ADMIN MULL: ✓  LT PEOPLES: _____ SGT JACKSON: _____

DATE: 2/14/08

ACTION TAKEN:

will plos into D.U.C.

COPY

| Medications | Hour | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| INH,1X DAILY | B-FAST | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | ✓ | | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| BREATHING TREATMENT | B-FAST | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | LUNCH | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | DINNER | | | | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | | | | | | VR | RR | | | | | | | | | | | | | |
| | B-TIME | | | | | | | ✓ | ✓ | | | | ✓ | | | | | VR | RR | | | | | | | | | | | | | |

NAME: PATTERSON, DEMETRIUS          MONTH  JAN2008          LOCATION:  B-BLOCK

## COOSA COUNTY JAIL
## REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF INMATE: _Patterson Demotrius_     DATE: _1-25-08_

**PLEASE CHECK ONE OF THE FOLLOWING:**

✓ MEDICAL          _____ COMMISSARY          _____ OTHER

**STATE YOUR REQUEST:**

I Demetrius Patterson Needs a copy of my
medical papers from the Doctor Soon as posibel
███ and I Need my transcripts from yall please
Demotius Patterson

Demetrius Patterson

1-25-08
Januery

RECEIVED BY: _____ 2242     DATE: 01/25/08  0800

REVIEWED BY: _____

ADMIN MULL: ___X___     LT PEOPLES: _____     DATE: 1/31/8

**ACTION TAKEN:**

Must have subpena from DA

COPY

PLEASE PRESENT THIS RECEIPT TO OUR PHARMACIST
IF YOU HAVE ANY QUESTIONS ABOUT YOUR MEDICATIONS

...UNS YOU HAVE ABOUT YOUR MEDICATIONS

STORE WANTS TO ANSWER ANY

CREW'S DRUG STORE

PHONE 377-4850
ROCKFORD, ALABAMA

DEA NO.
AC7530428

THIS INFORMATION MAY OR MAY NOT APPLY TO YOUR
SPECIFIC CONDITION. PLEASE CONSULT YOUR DOCTOR

Do not exceed recommended dosage. Follow dosing directions very
carefully.. Consult patient-package information. Shake well before
using. Always check the mouthpiece prior to use.. Check with Dr.
before taking any other medicine. Promptly report unusual
symptoms/effects to Dr. If condition persists or worsens notify Dr.

Rx251-806 00    01/17/08    LMA    ARMSTRONG    Qty: 17

ALBUTEROL 90MCG AER

DEMETRIUS D PATTERSON    Dr: WEAVER, RANDALL

2 PUFFS EVERY 4 HOURS AS NEEDED FOR
WHEEZING AND SHORTNESS OF BREATH

COUNSEL

# COOSA COUNTY JAIL
## REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF INMATE: Patterson Demetrius    DATE: 1-10-08

**PLEASE CHECK ONE OF THE FOLLOWING:**

___✓___ MEDICAL    _____ COMMISSARY    ____ ●THER

**STATE YOUR REQUEST:**

I Need AN INHAYIER Hadn't had one in 3 weeks and my ashama is makeing my Head Hurt everday and it is getting wurser and I can't keep using my treatmens dont have to much medicans left for it

RECEIVED BY: _____    DATE: _____

REVIEWED BY:

ADMIN MULL: ___✓___    LT PEOPLES: _____    DATE: 1/10/8

ACTION TAKEN:

scedule Dr apptt

1/1?/08

1/07/08    COPY

# INMATE VISITATION LIST

LIST YOUR **10** POTENTIAL VISITORS IN THE SPACES BELOW. YOU WILL
ONLY BE ALLOWED TO VISIT **2** ON VISITATION DAYS FOR A PERIOD OF **15
MINUTES**. THE SAME RULES STILL APPLY TO VISITATION THAT WE HAVE
HAD IN THE PAST.

## INMATE'S NAME

Patterson Demetrius _____ CELL 0305 CELL BLOCK B

1. Geanie Patterson
2. James B. Leonard
3. Terrell Lykes
4. Tareem Lykes Tarrance
5. Kim Patterson
6. Bryan Patterson
7. Caty -
8. Macheall - sister
9. Chris Matthew
10. _____



This is a medication administration record (MAR) form, handwritten.

| Medications INH 1 X DAILY | Hour B-FAST | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

NAME: PATTERSON, DEMETRIUS

MONTH   DEC 07

LOCATION: A-BLOCK

COPY

| Medications | Hour |
|---|---|
| INH | B-FAST |
| 1x Daily | LUNCH |
| | DINNER |
| Albute 101 | B-TIME |
| Every 4hrs as needed | B-FAST |
| | LUNCH |
| | DINNER |
| | B-TIME |

COPY

NAME: *PATTERSON, DEMETRIUS*   MONTH: *Nov 07*   LOCATION: *A-Block*

# COOSA COUNTY JAIL
## INMATE DISCIPLINARY REPORT

NAME OF INMATE: Patterson, Demetrius

DATE OF OCCURRENCE: 11/6/07

CORRECTION OFFICER ON DUTY: Cowart/Mancil

INCIDENT: Inmate was told several times to take do rag off.

No visit sat. if he is caught in dayroom with it on again.

Cowart 2049

DAMAGE TO PROPERTY (LIST ITEMS AND APPROX VALUE)

REVIEWED BY: X
ADMIN MULL __X__          LT STOVER_____

ACTION TAKEN:

No visit show 14/



# COOSA COUNTY JAIL
# REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE: Demotrius Patterson    DATE Nov. 26, 2007

PLEAE CHECK ONE OF THE FOLLOWING:

___✓___ MEDICAL   _____ COMMISSARY   _____ OTHER

STATE YOUR REQUEST:

This, why can't I keep my Inhayler on me. I supposed
to keep it at all time's I don't supposed to have it out
side of my perdstion. need yeal come and explin it why can't
I keep my Inhaller on me yall don't do nothing about my
Request slip's But you go and take my Inhayler from me
and I think that's not what supposed to be going on like
thate. Can somebory on the morning come explain this situation
to me

RECEIVED BY:_____DATE_____

REVIEWED BY:    ___✓___
ADMIN MULL_____   LT STOVER_____   DATE REVIEWED __11/27/7__

ACTION TAKEN:

allow to keep inhaler

COPY

Demetrius Patterson
November 26. 2007

# COOSA COUNTY JAIL
## REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE: _Demetrius Patterson_     DATE _Nov 24, 2007_

PLEAE CHECK ONE OF THE FOLLOWING:

____✓____MEDICAL     ____COMMISSARY     ____OTHER

STATE YOUR REQUEST:

_NEED INHAYLER_

_NEED INHAYLER_

RECEIVED BY:_____     DATE_____

REVIEWED BY:
ADMIN MULL___✓___     LT STOVER_____     DATE REVIEWED _11/26/7_

ACTION TAKEN:

_will call in refill_

COPY

# COOSA COUNTY JAIL
## REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE _Demetrius Patterson_ DATE _November, 23, 2007_

PLEAE CHECK ONE OF THE FOLLOWING:

_____ MEDICAL     _____ COMMISSARY     ✓ OTHER

STATE YOUR REQUEST:

I have an concern about Something and I Really
need to talk to Lt. stover this is important to
me and my problems will you please look at this and
come get me so I can talk to you about it. And I
need ~~med~~ on nother matter today before this day is
out I've been asking about it for more than 5 days now
will you take time to come talk to me ⬤ Lt. Stover

_Demetrius_
_Patterson_
_November 23, 07_

_medical-Other_
_Both of them_

RECEIVED BY:_____ DATE_____

REVIEWED BY:
ADMIN MULL ____X____     LT STOVER _____     DATE REVIEWED _11/26/7_

ACTION TAKEN:

_Pass onto Lt. Stover._

COPY

# COOSA COUNTY JAIL
# REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE: Demetrius Patteson     DATE Nov, 13  2007

PLEAE CHECK ONE OF THE FOLLOWING:

___✓__MEDICAL  _____COMMISSARY  ____OTHER

STATE YOUR REQUEST:
Deed to See Lt Stover about something problems
with something going on whit self soon as posibel
please     DEMETRIUS PATTERSON

RECEIVED BY:_____DATE_____

REVIEWED BY:
ADMIN MULL __X__  LT STOVER_____  DATE REVIEWED 11/14/7

ACTION TAKEN:

will speak with him tody

# COOSA COUNTY JAIL
## REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE: _Demetrius Patterson_    DATE _November, 6, 2007_

PLEAE CHECK ONE OF THE FOLLOWING:

_____MEDICAL    _____COMMISSARY    _✓_OTHER

STATE YOUR REQUEST:

I Request to leave this Block can you or eveybody Recomend
E Block or 9recer lation, it's to much problems over in this
Block and I'm not traing to Be an eney kind of problems
and I haven't Been in eney kind of sreous problems
or Been put in the Pink room will you are eney body
Reconmend that.

_Demetrius Patterson_

RECEIVED BY:_____DATE_____

REVIEWED BY:
ADMIN MULL ___X___    LT STOVER_____    DATE REVIEWED _11/6/7_

ACTION TAKEN:

_Will speak with Patterson._

COPY

# COOSA COUNTY JAIL
## REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE: PATTERSON Deuethus DATE Novembe, 9 , 2007

PLEAE CHECK ONE OF THE FOLLOWING:

_____ MEDICAL    ✓ COMMISSARY    _____ OTHER

STATE YOUR REQUEST:

We need stuff to Bathe with and other hygiene On A Block can yall please Run store for use

RECEIVED BY:_____ DATE_____

REVIEWED BY:
ADMIN MULL __X__    LT STOVER_____    DATE REVIEWED___11/13/7___

ACTION TAKEN:

passed to store

# COOSA COUNTY JAIL
# REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE: Demarius Patterson DATE Oct, 23, 07

PLEAE CHECK ONE OF THE FOLLOWING:

✓ MEDICAL _____ COMMISSARY _____ OTHER

STATE YOUR REQUEST:

need to see doctor about my nose and
personal situation's, and need to talk
to L.t stover

RECEIVED BY:_____DATE_____

REVIEWED BY: X
ADMIN MULL___X___ LT STOVER_____ DATE REVIEWED _10/24/7_

ACTION TAKEN:

scledle appt.

# COOSA COUNTY JAIL
# REQUEST FORM
### (PLEASE PRINT ALL INFORMATION)

NAME OF
INMATE: Demetrius Jefferson    DATE 10, 29, 07

PLEAE CHECK ONE OF THE FOLLOWING:

__✓__ MEDICAL    _____ COMMISSARY    _____ OTHER

STATE YOUR REQUEST:
I need some medecain I can't go another
day if not get me my lawer down hear about
it Because I have an perscription Because I went
to the dotor and got one

RECEIVED BY:_____ DATE_____

REVIEWED BY:
ADMIN MULL ___✓___    LT STOVER_____    DATE REVIEWED ___10/30/7___

ACTION TAKEN:
Got the medications



NAME:  DEMETRIUS  PATTERSON    MONTH  OCTOBER    LOCATION:  A-BLOCK
                                      2007

# COOSA COUNTY JAIL
## GRIEVANCE REPORT

NAME OF
INMATE: _Wendeaus Patterson_ DATE _Oct, 28, 07_

DATE OF OCCURRENCE: _MED_

CORRECTION OFFICER ON DUTY: _____

GRIEVANCE: _Need my inhayler Been going without it_
_fo 2 days and need something fer it_

RECEIVED BY: _____ DATE _____

REVIEWED BY: _X_    LT STOVER _____    DATE REVIEWED _10/29/7_
ADMIN MULL _____

ACTION TAKEN:
_refill orscheddle appt rt weaver_

CODY

CREW'S DRUG STORE WANTS TO ANSWER ANY
QUESTIONS YOU HAVE ABOUT YOUR MEDICATIONS

PHONE 377-4800
ROCKFORD, ALABAMA

CREW'S
DRUG STORE

DEA NO.
AC7530428

THIS INFORMATION MAY OR MAY NOT APPLY TO YOUR
SPECIFIC CONDITION. PLEASE CONSULT YOUR DOCTOR

Do not exceed recommended dosage. Follow dosing directions very
carefully. Consult patient-package information. Shake well before
using. Always check the mouthpiece prior to use. Check with Dr.
before taking any other medicine. Promptly report unusual
symptoms/effects to Dr. If condition persists or worsens notify Dr.

Rx245-663 01      10/30/07
ALBUTEROL 90MCG AER
DEMETRIUS D PATTERSON
                  Dr: WEAVER, RANDALL

LMA
ARMSTRONG      Qty: 17

2 PUFFS EVERY 4 HOURS AS NEEDED FOR
WHEEZING AND SHORTNESS OF BREATH

COUNSEL

NOTE:

NAME:

DATE:

Please c

Briefly

Demer
Chest
and I
to ge
heave

Inmate

Do not

Appt is on 10/1/7 pm

Signature of Jail Officer receiving original request:



AIL
ORM

A-104

49

ance          Other

below"

ver And mx
t for four days
cews I Be able
Hang Bk

PLEASE PRESENT THIS RECEIPT TO OUR PHARMACIST
IF YOU HAVE ANY QUESTIONS ABOUT YOUR MEDICATIONS

# INSTRUCTIONS FOR TB TREATMENT AND PREVENTION

☐ Because your tuberculin skin test indicates that you have germs in your body that cause tuberculosis (TB), a special medicine called INH (Isoniazid) has been prescribed for you. If taken regularly and long enough INH will greatly reduce the chances that you will develop TB.

☐ Tests show that you have/may have tuberculosis (TB). To be cured you must take medications for several months and have regular examinations. If taken regularly and long enough these medications will cure TB. The medications for your treatment will be issued free by your local health department.

As with all medicine some side effects may occur. If you develop any of the signs or symptoms listed below, STOP taking the medicine and contact _the nurse_ at the _Coosa_ _____ County Health Department immediately.

## SIGNS AND SYMPTOMS

1. Dark colored urine (coffee or tea colored)
2. Yellow skin or eyes
3. Rash or itching
4. Nausea
5. Headache
6. Dizziness
7. Loss of appetite
8. Always feeling tired
9. Unexplained high fever
10. Blurred vision
11. Pain in joints (hands/feet)

## REMEMBER

1. TAKE THE MEDICATION EVERY DAY AS DIRECTED.
2. KEEP YOUR NEXT APPOINTMENT
3. CALL THE CLINIC IF YOU CANNOT KEEP YOUR APPOINTMENT.
4. DON'T RUN OUT OF MEDICATION DURING TREATMENT.
5. IF YOU HAVE ANY QUESTIONS ABOUT YOUR TREATMENT CONTACT THE CLINIC NURSE PROMPTLY.

☑ I have received a copy of this instruction sheet and have talked to a member of the health department staff about these recommendations and side effects. I agree to take the medication as prescribed by the health department TB physician for as long as prescribed. **THE ALABAMA DEPARTMENT OF PUBLIC HEALTH HAS THE LEGAL RESPONSIBILITY TO INSURE THAT YOU COMPLETE YOUR THERAPY. IF YOU DO NOT THE HEALTH DEPARTMENT IS REQUIRED BY LAW TO TAKE LEGAL ACTION TO INSURE THAT YOU DO COMPLETE THE TREATMENT.**

☑ I agree to take the INH pills for preventive therapy as prescribed by the health department physician.

☐ I have elected **NOT** to take INH pills for preventive therapy and hereby release the county health department of all responsibility concerning this matter.

_Demetrius Patterson_ _____    _9/7/07_ _____
Signature of Patient or (Parent/Guardian)                     Date

_K. Phillipson_ _____    _256-377-4364_    _8A - 5p_
Public Health Worker.                     Telephone Number                     Hours

ADPH-TB-9/2-96-rm



**PHS**

PRISON
HEALTH
SERVICES
INCORPORATED

## MEDICAL INFORMATION TRANSFER FORM
### *Confidential Medical Data*

To: _____
(Agency)

_____
(Address)

From: _____*Kilby*_____
(Institution)

_____
(Address)

(     )
(Telephone)

Inmate's Name: *Patterson Demetrius*

a/k/a: _____

D.O.B.: *8-01-86*   SS #: *252512*

Person Completing Form

Name: *Della Littleton*

Signature: *Della Littleton lvn*

Date: *6-14-07*

---

**MEDICAL PROBLEM(S):**

**TREATMENTS/MEDICATIONS:**

INH 300mg Q
Vit B6 25mg Q

---

**Allergies:**

**Pregnant:**    Yes    No    Unknown

**Other Lab Data:**

COPY

| | | | |
|---|---|---|---|
| **TB Skin Test:** | NEG | POS | Date _____ |
| **CXR:** | NEG | POS | Date _____ |

| **Test** | | | **Treated** | | **Date** |
|---|---|---|---|---|---|
| RPR: | NEG | POS | Yes | No | _____ |
| VDRL: | NEG | POS | Yes | No | _____ |
| GC: | NEG | POS | Yes | No | _____ |
| Other: | _____ | | Yes | No | |

---

60109 (4/87)

WHITE - RECEIVING INSTITUTION, YELLOW - MEDICAL FILE

# COOSA VALLEY FAMILY MEDICINE

**CHILDERSBURG**
33783 U.S. Highway 280
(256) 378-3301

**ROCKFORD**
Jackson Street
Rockford, AL
(256) 377-4366

BACK:

DEPARTURE:

| ✓ | CODE | PROCEDURE | ✓ | CODE | PROCEDURE | ✓ | CODE | PROCEDURE | ✓ | CODE | PROCEDURE | ✓ | CODE | PROCEDURE |
|---|------|-----------|---|------|-----------|---|------|-----------|---|------|-----------|---|------|-----------|
| | | **NEW PATIENT** | | | **PROCEDURES** | | | **X-RAY** | | | **PANELS** | | | **LABORATORY CONT.** |
| | 99201 | PROBLEM FOCUSED H&P, STFWD DEC MAK | | 92551 | AUDIOGRAM | | 73030 | SHOULDER | | 80051 | ELECTROLYTES | | 82270 | HEMOCCULT SLIDE AID |
| | 99202 | EXPANDED PROB-FOC H&P, STFWD DEC MAK | | 93000 | EKG COMPLETE | | 73080 | ELBOW | | 80061 | LIPID | | 83036 | HgB A1C |
| | 99203 | DETAILED H&P, LOW COMPLEX DEC MAK | | 10060 | I & D ABSCESS OR FURUNCLE | | 73610 | ANKLE (3 VIEWS) | | 80076 | HEPATIC FUNCTION | | 80185 | PHENYTOIN (DILATIN) |
| | 99204 | COMP H&P, MOD COMPLEX DEC MAK | | 20550 | INJECTION, TRIGGER PT. | | 73630 | FOOT (3 VIEWS) | | 80048 | METABOLIC, BASIC | | 84132 | POTASSIUM |
| | 99205 | COMP H&P, HIGH COMPLEX DEC MAK | | | DIAG: # INJS. | | 73510 | HIP | | 80053 | METABOLIC, COMPLETE | | 85610 | PROTIME |
| | | **ESTABLISHED PATIENT** | | 94640 | NONPRESSURIZED INHALATION TREAT. | | 73562 | KNEE (W / OBLIQUE) | | | **OTHER LAB** | | 84153 | PSA |
| | 99211 | MINIMAL VISIT | | G0102 | DIG. RECTAL EXAM SCREEN (DIAG. V76.44) | | 71100 | RIBS | | 84460 | ALT | | G0103 | PSA SCREENING (DIAG. V76. |
| | 99212 | PROB FOC H&P, LOW COMPLEX DEC MAK | | 94010 | SPIROMETRY | | 72110 | LUMBAR | | 84520 | BUN | | 87880 | RAPID STREP |
| | 99213 | EXP PROB FOC H&P, LOW COMPLEX DEC MAK | | 94060 | SPIROMETRY W / BRONCHIAL DIL | | 72170 | PELVIC | | 85025 | CBC, W / PLATELET 5 PT DIFF | | 86592 | RPR |
| | 99214 | DETAILED H&P, MOD COMPLEX DEC MAK | | G0127 | TRIMMING OF NAILS | | 70220 | SINUS | | 82565 | CREATININE | | 85651 | SED RATE |
| | 99215 | COMP H&P, HIGH COMPLEX DEC MAK | | 69210 | REMOVAL OF IMPACTED CERUMEN | | 71020 | CHEST | | 80162 | DIGOXIN | | 84460 | SGPT |
| | | | | 20605 | INJ. JOINT WRIST / ELBOW | | 73110 | WRIST | | 82948 | GLUCOSE | | 99000 | SPECIMEN OTHER THAN BLOOD |
| | | | | | DIAG: # INJS. | | | **INJECTIONS** | | 86677 | H. PYLORI | | 84439 | T4, FREE |
| | | | | 20610 | INJ. JOINT SHOULDER / KNEE / HIP | | | | | V77.91 | SCREENING CHOLESTEROL | | 84443 | TSH |
| | | | | | DIAG: # INJS. | | | | | | | | 81002 | URINALYSIS |
| | | | | | | | | | | | | | | OTHER: |
| | | | | | | | | | | | | | | OTHER: |

REFERRED TO: DR.

WRITE IN
DIAGNOSIS:

WRITE IN
PROCEDURE:

| ✓ | CODE | DIAGNOSIS | ✓ | CODE | DIAGNOSIS | ✓ | CODE | DIAGNOSIS | ✓ | CODE | DIAGNOSIS |
|---|------|-----------|---|------|-----------|---|------|-----------|---|------|-----------|
| | | **CARDIOVASCULAR** | | 789.06 | ABDOMINAL PAIN, EPIGASTRIC | | | **NEUROLOGIC** | | | **RHEUMATOLOGIC / MUSCULOSKELETAL** |
| | 427.31 | ATRIAL FIBRILLATION | | 789.07 | ABDOMINAL PAIN, GENERALIZED | | 331.0 | ALZHEIMERS | | 714.0 | ARTHRITIS / RHEUMATISM |
| | 414.00 | CAD (CORONARY ARTERY DIS) / ASHD | | 789.04 | ABDOMINAL PAIN, LLQ | | 354.0 | CARPAL TUNNEL SYNDROME | | 719.45 | ARTHRALGIA, HIP |
| | 786.50 | CHEST PAIN, UNSPEC. | | 789.02 | ABDOMINAL PAIN, LUQ | | 436 | CVA / STROKE | | 726.10 | BURSITIS, SHOULDER |
| | 428.31 | HEART FAILURE, ACUTE DIASTOLIC | | 789.03 | ABDOMINAL PAIN, RLQ | | 311 | DEPRESSION | | 729.0 | FIBROMYALGIA |
| | 428.21 | HEART FAILURE, ACUTE SYSTOLIC | | 789.01 | ABDOMINAL PAIN, RUQ | | 307.81 | HEADACHE, TENSION | | 274.9 | GOUT |
| | 428.32 | HEART FAILURE, CHRONIC DIASTOLIC | | 564.0 | CONSTIPATION | | 780.52 | INSOMNIA | | 724.2 | LOW BACK PAIN |
| | 428.22 | HEART FAILURE, CHRONIC SYS | | 787.91 | DIARRHEA | | 346.10 | MIGRAINE | | 715.96 | OSTEOARTHRITIS, KNEE |
| | 428.20 | HEART FAILURE, UNSPE SYSTOLIC | | 536.8 | DYSPEPSIA | | 356.9 | NEUROPATHY, PERIPHERAL | | 715.91 | OSTEOARTHRITIS, SHOULDER |
| | 428.30 | HEART FAILURE, UNSP DIASTOLIC | | 530.81 | GASTROESOPHAGEAL REFLUX | | 332.0 | PARKINSONISM | | 724.3 | SCIATICA |
| | 782.3 | EDEMA | | 564.1 | IRRITABLE BOWEL SYNDROME | | 780.39 | SEIZURES | | 845.00 | SPRAIN/STRAIN, ANKLE |
| | 402.10 | HTN HEART DIS, BENIGN W / O CHF | | 578.1 | MELENA | | 780.2 | SYNCOPE | | | **SKIN AND SUBCUTANEOUS** |
| | 401.1 | HTN, BENIGN | | 787.01 | NAUSEA W / VOMITING | | 435.9 | TIA | | 682.6 | CELLULITIS OF LEG |
| | 458.0 | HYPOTENSION, ORTHOSTATIC | | 577.0 | PANCREATITIS | | 780.4 | VERTIGO / DIZZINESS | | 692.9 | CONTACT DERMATITIS |
| | 424.0 | MITRAL VALVE PROLAPSE | | 787.03 | VOMITING | | | **RESPIRATORY / ENT** | | 053.9 | HERPES ZOSTER |
| | 785.1 | PALPITATIONS | | | **GENITOURINARY** | | 493.90 | ASTHMA W / O STATUS ASTHMATICUS | | 782.1 | RASH |
| | 443.9 | PERIPHERAL VASCULAR DIS, UNSPEC. | | 596.0 | BLADDER OUTLET OBSTRUCTION | | 466.0 | BRONCHITIS, ACUTE | | | |
| | 451.19 | THROMBOPHLEBITIS, OTHER FEMORAL VEIN | | 595.0 | CYSTITIS, ACUTE | | 491.20 | BRONCHITIS, CHRONIC OBSTRUCT, W/O ACUTE EXAC | | | **V CODES** |
| | | **ENDOCRINOLOGIC (NUTRITIONAL, METABOLIC)** | | 788.1 | DYSURIA | | | | | V76.44 | PROSTATE CANCER SCREENING |
| | 276.5 | DEHYDRATION | | 599.7 | HEMATURIA | | 491.21 | BRONCHITIS, CHRONIC OBSTRUCT, W / ACUTE EXAC | | V76.49 | FLEX SIG SCREENING |
| | 250.01 | DM TYPE I, UNCONTROLLED | | 607.84 | IMPOTENCE, ORGANIC | | 485 | BRONCHOPNEUMONIA | | V72.3 | GYNECOLOGICAL EXAM AND PAP |
| | 250.03 | DM TYPE I, UNCONTROLLED | | 788.43 | NOCTURIA | | 380.4 | CERUMEN IMPACTION | | V16.0 | HEMOCCULT SCREENING 1-3 |
| | 250.00 | DM TYPE II, CONTROLLED | | 593.9 | RENAL INSUFFICIENCY | | 496 | CHRONIC OBSTRUCTIVE PULMONARY DIS. | | V58.61 | LONG-TERM USE OF ANTI-COAGS |
| | 250.02 | DM TYPE II, UNCONTROLLED | | 788.41 | URINARY FREQUENCY | | 786.2 | COUGH, CHRONIC, BRONCHIAL | | V58.69 | LONG-TERM USE OF HI-RISK MEDS |
| | 250.50 | DM TYPE II, W / RENAL MANIFEST | | 599.0 | URINARY TRACT INFECTION | | 786.09 | DYSPNEA | | V70.0 | ROUTINE ANNUAL EXAM |
| | 780.6 | FEVER | | | **HEMATOLOGY AND ONCOLOGY** | | 462 | PHARYNGITIS, ACUTE | | | |
| | 790.6 | HYPERGLYCEMIA | | 285.9 | ANEMIA, NOS | | 786.52 | PLEURISY | | | **NOTES:** |
| | 272.4 | HYPERLIPIDEMIA | | 280.9 | ANEMIA, IRON DEFICIENCY | | 461.9 | SINUSITIS, ACUTE, NOS | | | |
| | 244.9 | HYPOTHYROIDISM | | 281.0 | ANEMIA, PERNICIOUS | | 465.9 | URI, ACUTE | | | |
| | 278.00 | OBESITY, UNSPECIFIED | | 459.89 | ECCHYMOSIS | | | | | | |
| | 783.21 | WEIGHT LOSS, ABNORMAL | | 782.61 | PALLOR | | | | | | |

ACCIDENT DATE: _____    HOME □    MVA □    OTHER □    DOCTOR'S SIGNATURE: _____

CERTAIN ROUTINE SERVICES NECESSARY FOR THE MAINTENANCE OF GOOD HEALTH MAY NOT BE COVERED BY YOUR INSURANCE CARRIER. YOU WILL BE EXPECTED TO PAY FOR THESE SERVICES IN FULL AT THE TIME OF SERVICE, OR WHEN BILLED, IF DENIED BY YOUR INSURANCE CARRIER. I UNDERSTAND I AM RESPONSIBLE FINANCIALLY TO THE PHYSICIAN FOR NON COVERED SERVICES. I UNDERSTAND THE PHYSICIAN WILL FILE CLAIMS FOR ALL COVERED SERVICES TO MY INSURANCE CARRIER AND I REQUEST THAT PAYMENT OF AUTHORIZED MEDICARE, MEDIGAP OR MY DESIGNATED INSURANCE CARRIER BENEFITS BE MADE, ON MY BEHALF DIRECTLY TO THE PROVIDER FOR ANY SERVICES OR ITEMS FURNISHED TO ME BY THE PROVIDER. I ALSO AUTHORIZE ANY HOLDER OF MEDICAL INFORMATION ABOUT ME TO RELEASE HEALTH CARE FINANCING ADMINISTRATION AND ITS AGENTS ANY INFORMATION NEEDED TO DETERMINE THESE BENEFITS OR THE BENEFITS PAYABLE FOR RELATED SERVICES. I AUTHORIZE THE RELEASE OF ANY MEDICAL INFORMATION NECESSARY TO OTHER PHYSICIANS WHO MAY PARTICIPATE IN MY CARE; AND/OR, TO PROCESS ANY INSURANCE CLAIM FILED FOR THE SERVICES DESCRIBED.

SIGNED _____    DATE 6/5/07    RETURN VISIT _____

(PATIENT OR PARENT IF MINOR)

□ CASH
□ CHECK
□ CREDIT CARD
□ OTHER

CHARGE:
PAYMENT:
CURRENT BALANCE:

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: _Patterson Demetrius_          CELL: _B-104_

DATE: _5/25/07_          TIME: _10:00_

Please check one of the following:

_✓_ Medical          ____ Commissary          ____ Grievance          ____ Other

Briefly state your request or list your commissary items below"

_I need to get my Inhaller I've Been haveing to many Breathing Problems I've Been Asking for 2 in ahalf weeks now and haven't got nothing and no Respond_

Inmate's signature _Demetrius Patterson_

Do not write below—for reply only

_Schedule Dr. Appt w/ weaver          6/5 2:45 Dr. Weaver_

Signature of Jail Officer receiving original request:



Medications | Hour | 1 2 3 4 5 6 7 8 9 10 11 ... 15 16 17 18 19 20 21 22 23 24 25 26 27

Albuterol Inhaler
(use as needed)

Breathing treatment
(machine)
(as needed / if no inhaler)

Geanie Patterson
839-5429

Charting For _____ Through _____
Physician
Alt. Phys.
Allergies
Diagnosis
Medicaid Number    Medicare Number
Rehabilitative Potential
Telephone No.
Alt. Telephone
Medical Record No.
Complete Entries Checked:
By: _____ Title: _____ Date: _____
Resident    Patterson, Demetrius D.
Birth Date    Resident Code    Room No.    Bed    Facility Code
A-black

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: _Demetrius Patterson_____     CELL: _C-block_____

DATE: _4/15/07_____     TIME: _11.05_____

Please check one of the following:

_____Medical     _____Commissary     _____Grievance     _✓_Other

Briefly state your request or list your commissary items below"

_Sheiff I am writting you to tell you about things are going on around here Staff that I have Been telling But they don't listing to me or they get smart with me I Need to get out of this Block Ive Been telling mike and Quinen leutentdant about it But they said it will Be alright to stay Back here But I don't do nothing But get into trouble somebody starting things with me and Ive Been waiting on to go to work with less or get on Detail_

Inmate's signature _Demetrius Patterson_____

Do not write below—for reply only

_Move to B-Block   Admin Mull_

Signature of Jail Officer receiving original request:

| Medications | Hour | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Albuterol Inhaler 3 Puff
(use as needed)

Breathing Treatment (machine)
(as needed/prn) inhale B. tine

NAME: Patterson, Demetrius (A)

DOB:

LOCATION: B-Block

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: Demetrius Patterson          CELL: C-block-201

DATE: 4/10/07                      TIME: 9:56 pm

Please check one of the following:

_____Medical      _____Commissary      _____Grievance      ✓ Other

Briefly state your request or list your commissary items below"

I Need to talk to the sheirff and ~~Deputy~~ Joesph
~~and~~ when they get ~~an~~ a chance to come Back
here Can I Be able to talk to them

Inmate's signature _____

Do not write below—for reply only

Message passed

Signature of Jail Officer receiving original request:

# COOSA COUNTY JAIL
# INMATE REQUEST FORM

NOTE: PLEASE PRINT ALL INFORMATION

NAME: _Patterson Demetrius_    CELL: _C-201_

DATE: _4/5/07_    TIME: _9:48_

Please check one of the following:

___✓___ Medical    _____ Commissary    _____ Grievance    _____ Other

Briefly state your request or list your commissary items below"

_My Breathing is Bothering me almost every day when I Jump up on my bed and get off of my bed and when I laugh to hard sometimes and sometime I can't see good_

Inmate's signature _____

Do not write below—for reply only

_Checked seems_ ~~available~~ _In Good Health_

Signature of Jail Officer receiving original request:

# COOSA COUNTY JAIL
## INMATE DISCIPLINARY REPORT

NAME OF INMATE: Patterson, Demetrius

DATE OF OCCURRENCE: 4/11/07

CORRECTION OFFICER ON DUTY: Cowart

INCIDENT: On 4/11/07 I observed Patterson &
Boggan having an altercation. Patterson
went up the stairs to his
room & began hitting the wall.
Boggan went to the bottom of the
stairs & begin yelling profanities at
Patterson. Chief Arms & Gordon took both of them
to the front.

DAMAGE TO PROPERTY (LIST ITEMS AND APPROX
VALUE) NONE : Pattersons knuckles were bleeding.

REVIEWED BY:
ADMIN MULL

SGT McCOOK

ACTION TAKEN: Taken to holding for 24 hrs./ Both advised
if it happens again, All priveledges will
be taken for 1 wk.

Cowart

**Exhibit D**
**Coosa County Jail Handbook**

## TERRY WILSON, SHERIFF

COOSA COUNTY SHERIFF'S DEPARTMENT
P.O. BOX 279
ROCKFORD, ALABAMA 35136

# COOSA COUNTY JAIL
# INMATE RULES AND REGULATIONS

Dated:    May 1, 2001
Revised:   September 28, 2007

## INTRODUCTION

These are the rules and regulations to govern inmates committed to the custody of the COOSA COUNTY JAIL. They are designed to help you live together productively, safely, and as comfortably as possible. Read them carefully and abide by them while you are confined to this facility.

This manual must be returned prior to your release. DO NOT write, draw or destroy this manual. If you loose, alter, or destroy this manual, you will be required to replace it at a cost of $5.00 (Five dollars).

Violation of any rules or regulations in this manual will be subject to disciplinary action or criminal prosecution.

# Section - 1

## CLASSIFICATION

1.1    As an inmate, your classification will be based on your behavior, attitude, needs, and your level of security risk.

1.2    Classification levels are: General population, Administrative Segregation, and Trustee.

1.3    You will be housed in an area appropriate to your classification level.

1.4    If your classification level changes, you will be reassigned.

1.5    You are given privileges according to your classification status.

1.6    If you think you need protective custody, inform the jail staff in writing.  We will do what is necessary to protect you.

1.7    The Lieutenant, Jail Administrator or the Sheriff will select trustees.

1.8    The jail staff can move you anywhere within this facility or to any other detention center in Alabama.

# Section – 2

## HOUSING

2.1    Inmates are responsible to keep the cells and dayrooms clean.

2.2    Each day your cell and cellblock will be inspected by a Corrections Officer to make sure it is clean.

2.3    You are responsible for your personal property and county issued property.

2.4    Jail property may not be used for anything other than that which it was intended.

2.5    Do not hang, tape, glue, or otherwise affix any article on any walls, bunks, ceilings, doors, or fixtures.

2.6    Do not write, draw or scratch any part of your cell or furnishings.

2.7    Shakedowns may be carried out at any time to include your living area, your property, and your person.  Any contraband found will be confiscated and disposed of.  Contraband is described as any item or article that you are not authorized to have, any item or article in excess

of the amount you may have, or items or articles altered or modified for use other than it was intended.

2.8 Do not enter another cell other than your own. Do not leave or attempt to leave your cellblock unless a Correctional Officer instructs you to do so.

2.9 Inmates will not damage county property. Disciplinary and/or criminal charges will be enforced.

2.10 Do not hang out on the balcony or stairwell.

2.11 CELL ENTRY AFTER LOCK OUT IS NOT PERMITTED.

2.12 Do not bring linens out of your cell.

2.13 If extra clothing is brought out of your cell it must be worn.

2.14 Do not sit on county issued boxes or ice containers.

2.15 Books and other items will not be used as pillows.

2.16 Clothing will not be used as bedding material.

2.17 All materials not being used will be placed in a property bag.

2.18 All items found not in a property bag and not used will be confiscated.

# Section – 3

## CLOTHING

3.1 Inmates will be issued an orange or white uniform and a pair of shower shoes. It will be your responsibility to maintain these items and keep them clean. Jumpsuits will be worn as one piece – not as pants only!

3.2 DO NOT alter jail clothing.

3.3 Inmates will be allowed to have the following personal clothing:
  - 3 plain white underwear
  - 3 plain white t shirts
  - 3 pair plain white socks

3.4 Any personal clothing that is not white or in excess of amounts listed will be considered contraband.

3.5 White clothing, underwear etc., will be purchased through the commissary.

3.6 Female inmates may purchase bras and underwear from the commissary.

3.7 Personal clothing other than listed in 3.1 or 3.3 will be considered contraband.

3.8 Inmates will wear no head rags, toboggans, watch caps, wave caps, etc.

3.9   Inmates are encouraged to have a family member pick up any clothing or unauthorized personal items within five (5) days of incarceration. Coosa County Jail or Staff will not be responsible for lost or stolen items.

# Section – 4

## INMATE PROPERTY

4.1   Inmates will be allowed to have and keep the following:
a. Any clothing listed in section 3.
b. Toilet articles
- 1 toothbrush
- 1 tube of toothpaste
- 1 bar of soap
- 1 comb/brush
- 1 bottle of shampoo
- 1 deodorant
c. All items that are purchased through the store.
d. Miscellaneous
- Legal material/papers
- Letters
- Photos
- Bible and/or religious material
- Educational materials
- Two (2) soft cover books
- Writing materials, to include clear barrel pens
- Watch and wedding bands.  (No earrings, chains or bracelets).

4.2   All items other than listed will be considered contraband.
4.3   Money is not allowed in cellblock. Money will be placed on the inmate account. Any money found in cellblock will be contraband.
4.4   Do not borrow, lend or touch another inmate's property.
4.5   All jail property must be kept in good condition. If you destroy county property, you will make restitution.

# Section – 5

## MEALS

5.1   Meals are served three (3) times per day.
5.2   All meals will be eaten in the dayroom.
5.3   No food items from meals will be kept in cells. This is contraband and will result in disciplinary action.
5.4   Inmates will not take food from another inmate.
5.5   At mealtime, when directed, inmates will line up along the wall and wait to be served, one at a time.
5.6   All inmates are responsible for getting his/her own tray.

# Section – 6

## TELEPHONES and TELEVISIONS

6.1   The use of inmate telephones is a privilege and not a right.
6.2   You will use the telephone in housing units only. Do not ask to use department telephones.
6.3   Jail Staff may limit access to phones, interrupt call or shut all phone service down at any time.
6.4   Jail Staff will not make any phone calls for inmates
6.5   Jail Staff will deliver no messages to inmates unless a verifiable emergency exists.
6.6   All calls will be collect and limited to fifteen (15) minutes.
6.7   Do not continue to try to reach parties who refuse to accept calls. When this is reported, you will be charged with harassing communications.
6.8   The television is a privilege for your entertainment and not a right. Jail Staff may remove the television at any time for disciplinary reasons. If you destroy a television you will be prosecuted.

# Section – 7

## MAIL

7.1   All inmates have access to US mail Service.
7.2   All incoming mail is inspected for contraband, money or sexually explicit material.
7.3   All outgoing mail should be sent out unsealed for inspection.
7.4   Any mail, incoming or outgoing, to/from inmates in other institutions or jails, is prohibited.
7.5   Legal mail is inspected for contraband in inmates' presence.
7.6   All mail is logged in the jail computer for reference.
7.7   No packages will be accepted at any time.
7.8   All mail received must have a return address.
7.9   Your mailing address will be:

> YOUR FULL NAME (no nicknames)
> Coosa County Jail
> P.O. Box 279
> Rockford, Alabama. 35136

# Section – 8

## INMATE EXERCISE

8.1   Inmates in general population will be given exercise opportunities on the exercise yard as often as possible (Staff and weather permitting)
8.2   Inmates in disciplinary segregation are not permitted to participate.
8.3   Inmates are allowed to utilize the indoor common areas (dayrooms) for walking and/or aerobic exercise at all times.

# <u>Section – 9</u>

## VISITATION

9.1    Visitation is a privilege and not a right.  Visitation can be removed at any time for disciplinary reasons.

9.2    Inmates must have been in jail for one week to have visitation.  This weekly period allows new inmates to become familiar with all inmate rules.

9.3    Visitation is on Saturdays, at the following times:

| | |
|---|---|
| "A" Block | - 7 - 9 AM |
| "B" Block | - 9 - 11 AM |
| "C" Block | - 12 - 2 PM |
| "D" Block | - 2 - 3 PM |

9.4    No contact visits will be allowed, with the exception of Attorneys and Law Enforcement.

9.5    Inmates and visitors will wear proper apparel. Visitors not dressed properly will be required to leave the premises.

9.6    Inmates will wear county orange or white uniforms and wear them properly. (No Sagging pants)

9.7    Inmates will be clean-shaven to visit.

9.8    No fighting, horseplay or profanity will be allowed. If this happens you will lose your visitation.

9.9    The following persons will not be allowed to visit inmates:
1. Any person awaiting trial in any jurisdiction.
2. Any person on furlough from any institution.
3. Any person released from jail or institution during the last three years.

9.10   Visitors will not introduce or attempt to introduce contraband into Coosa County Jail.  Criminal charges will be filed.

9.11   Inmates must submit a visitor's list prior to visitation day.

9.12   Visits will be 15 minutes with a maximum of 2 visitors per week.

9.13   Visitors must be 10 years of age or older, those under the age of 16 must be accompanied by an adult.

# <u>Section – 10</u>

## HEALTH CARE

10.1   If you become sick, notify a Corrections Officers by filling out an inmate request form.  If it is an emergency, notify the Tower Guard.

10.2   Your request will be reviewed and doctor appointments made as soon as possible.

10.3   There will be a co-payment charged to inmates for each trip to the doctor or dentist and for each prescription filled.  These payments will be deducted from your inmate account.  If no funds are available in your account, you will receive a negative balance and the money will be deducted from future deposits.  A negative balance must be paid before you are released.  You will be charged the following:

- Doctor visit  $10.00
- Dentist visit  $7.00
- Prescriptions  $3.00 each

10.4   Inmates that have been prosecuted and sentenced for a misdemeanor crime will be financially responsible for all medical related expenses incurred during incarceration.

10.5   If you are taking medication at the time you are incarcerated, it is your responsibility to have your medication brought to the Jail after being packaged at Crew's Drug store. We will only accept medication in bubble packs.

10.6   The Corrections Officer giving the medication must observe you taking it.

10.7   Your prescribed medications will not be given to another inmate.

10.8   Your medications will not be saved for later.

# Section – 11

## PERSONAL APPEARANCE AND HYGEINE

11.1    Inmates are expected to maintain a good personal appearance and practice good personal hygiene.

11.2    The Jail will provide razors to inmates at the convenience of the Jail Staff.

11.3    Razors will be returned to the Officer. Any razors found will be considered contraband.

# Section – 12

## COMMISSARY

12.1    The commissary is a privilege and not a right.

12.2    The commissary will be run at the discretion of the Jail Staff.

12.3    The commissary will be ordered on Inmate Store Request forms and will be written so the Officer can read them. All illegible forms will be returned.

12.4    No credit.  If you do not have enough money in your account, your request will be discarded.

12.5    Inmate cash balance will be given out only by written request.

# <u>Section – 13</u>

## GRIEVANCES

13.1    If you have a grievance, you may report it on an Inmate Grievance form. Only one signature is allowed on a grievance.

13.2    Your grievance will be investigated and answered, within 72 hrs of the time it is received, excluding weekends and holidays. Grievances are first answered by the appropriate staff at the lowest level of the chain of command.

13.3    If you are not satisfied with the first answer to your grievance, you may send a grievance to the next higher command level ( you must attach a copy of the first grievance). You may continue to send it through the chain of command, up to the Sheriff, who will make the final decision.

13.4    We will not take any negative action against you because you file a grievance.

# Section – 14

## RULE VIOLATIONS

14.1   Rule violations are categorized in three classes:

1 -    **Minor**
2 -    **Major**
3 -    **Serious**

14.2   **Minor Rule Violations** are those that interfere with the orderly operation of the facility.  The following are minor rule violations:

-Profanity or derogatory remarks or gestures to other inmates or visitors.
-Failure to do routine duties (such as cleaning your housing area, making your bed, maintaining personal cleanliness, etc.)
-Failure to cover yourself properly going into or coming out of the shower.
-Failure to wear your uniform when out of your cell or failure to wear your uniform properly.
-Horseplay
-Having unauthorized amounts of authorized property.
-Having opened food containers in your cell.
-Intentionally soiling the jail or littering.
-Hanging or affixing any articles on walls, bunks, ceilings, doors, light fixtures, or ventilation outlets.
-Putting feet on walls.
-Not following any of the other guidelines in the inmate handbook.
-Hanging out on balcony or stairs.
-Lying on linens in dayrooms.

14.3  **Major Rule Violations** include repeated minor rule violations and violations which could seriously threaten security, or the safety of inmates, staff, or visitors.  The following are major rule violations:
-Disobeying staff or other law enforcement officials.
-Profanity, or derogatory remarks or gestures to staff.
-Lying to staff.
-Fighting with another inmate.
-Inciting a fight.
-Disrupting or abusing programs, health services, religious services, food service or visitation.
-Smoking or use of any tobacco product.
-Putting any foreign matter in toilets or sinks.
-Attempting to flood any area.
-Defacing, altering or misuse of detention facility property.
-Gambling in any form.
-Interfering with counts or lockdowns.
-Buying, selling, trading or transferring of property between inmates.
-Using facility equipment or areas without authorization.
-Harassing or interfering with the work of trusties involved in performance of their duties.
-Unauthorized contact between inmates.
-Communication with people on the outside of the facility through the windows, including hand gestures.
-Entering a cell other than your own.
-Violation of minor rules listed which establishes a pattern of disregard for rules.

14.4  **Serious Rule Violations** include law violations and acts, which immediately threaten the security of the facility, staff, inmates, or visitors.  The following are serious rule violations:
-Entering or leaving a housing area or cellblock without permission.
-Assault on staff or others.
-Escaping, trying to escape, or helping another to escape.
-Having or making alcoholic drinks or unauthorized drugs, keeping facility issued or other medication, or sharing medication.
-Theft
-Interfering with security operations or mechanical devices of the detention center. This is to include fire suppression (sprinkler) system.
-Arson or starting a fire.

-Having a weapon, chemical agent, or any object that has been changed into a weapon, chemical agent, or any object that has been changed so it can be used as a weapon.
-Inciting or participating in a riot.
-Refusing to lockdown.
-Malicious destruction, alteration, or misuse of jail property or another inmate's property.
-Trying to control other inmates by force or threats, or having other inmates do your work.
-Promoting or having contraband.
-Sexual assault
-Use of verbal or physical threats, coercion, force, bribery, or intimidation against any person or assisting another to do so.
-Killing.
-Violation of major or serious rules listed which establishes a pattern of disregard for rules, or repeating the same offence more than once for which disciplinary lockdown is imposed.
-Any violation of Alabama Criminal Code.

# **Section – 15**

## **DISIPLINARY PROCEDURES**

15.1   Discipline for minor violations is handled in the cell.  You may be reprimanded, or the reporting staff may recommend a 23-hour disciplinary lockdown.  If the reporting staff recommends lockdown, you will be told of the charges and may ask for a minor violation hearing.  Within 24 hours after the rule violation is reported, an impartial staff member will interview you, the reporting staff and if necessary, witnesses.  He will decide if you should be locked down. (Note:  For security reasons, staff may lock you down in administrative segregation before the hearing.  The disciplinary lockdown will begin when you are notified of the hearing results.  The Sergeant or Sheriff is the authority that will release an inmate from administrative segregation.

15.2   Disciplinary action for major and serious rule violations is as follows:

- You will get a copy of the disciplinary report when you are accused of violating a rule.
- If your presence in the cell is disruptive, or if safety or security is threatened, you will be moved to another cell.
- An investigation will begin within 48 hours after the violation has been reported.
- You will be given a written copy of any charges requiring a hearing within 24 hours after the investigation is complete.
- You will be given at least 24 hours notice of the time set for the disciplinary hearing. However, you may waive this notice period and proceed to a hearing on an "as soon as possible" basis or you may waive your hearing entirely. The hearing will be held no later than 72 hours after you are notified of the charges, excluding weekends and holidays.

15.3   The Hearing Process:

    A.    If you ask for help in understanding the hearing process, the Administrator will appoint a staff member to help you.

    B.    You do not have the right to remain silent. Your refusal to testify may be taken as an admission of guilt.

    C.    Each side may present witnesses. You do not have the right to cross-examine witnesses. The number of witnesses may be limited for security reasons, or if witnesses cannot give relevant information.

    D.    You may be asked to leave during testimony of any witness whose testimony must be given in confidence. If you are asked to leave, the reason will be written on the Disciplinary Hearing Report.

    E.    Each side has the right to make an oral or written statement, to present any documents, and to examine any evidence, unless security, order, or safety of persons is threatened.

    F.    You May not have an attorney present at any disciplinary hearing.

15.4   If the violation is subject to criminal charges, you will be given the Miranda Warning.

15.5    The Hearing Officer will decide if you are guilty or innocent. You will be given a copy of the Disciplinary Hearing Report, which will include the sanction recommended, if any.

15.6    You may appeal the hearing officer's decision by writing a grievance to the Sergeant, the Lieutenant or Sheriff.

15.7    Copies of disciplinary reports will be sent to any institution to which you may be assigned. If you are a Pre-Trial inmate, a copy may be given to the Judge, District Attorney and Probation and Parole Officer. **If you are a State inmate awaiting transfer, a copy will be forwarded to the Alabama Department of Corrections. This will effect your classification and "Good Time" may be taken away.**

# Section – 16

## SANCTION SCHEDULE

16.1    If you break any rule in this handbook, you may be placed on disciplinary status. This means you will be given only the following, unless you abuse them, or security is threatened:

A.  Telephone calls to attorneys or clergy.
B.  Mail
C.  Adequate food, light, ventilation, temperature, sanitation and medical care.
D.  Proper clothing and bedding.

16.2    Your sanction (length of time you are on disciplinary status) will be decided by the disciplinary hearing board. The Sergeant, the Lieutenant or Sheriff must approve any sanctions of over 10 days. The longest sanction for a rule violations arising from one incident is 60 days.

16.3    You will serve sanctions in the administrative/ disciplinary segregation area.

16.4    If you are a Trustee and are charged with a major or serious rules violation, you will lose your Trustee status.